■ In the Matter of DOROTHEA CORNWELL, Petitioner, v IBM CORPORATION et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated May 24, 1978, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that respondent IBM Corporation (IBM) was guilty of an unlawful discriminatory practice based upon petitioner's race, color, sex or disability. Petitioner's complaint alleging that IBM discriminated against her on the basis of race, color, sex and disability by denying her equal terms, conditions and privileges of employment and forcing her to resign was dismissed by the State Division of Human Rights after an investigation disclosed that there was no probable cause to support such a claim. This determination, which

was affirmed by the State Human Rights Appeal Board, must be confirmed. There is substantial evidence in the record to support the finding that the petitioner was denied a transfer from IBM's Endicott facility to another location because of her poor attendance record and resulting lack of dependability. Accordingly, that finding is conclusive and must be upheld (Executive Law, § 298; *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 57). Petitioner herself admitted that if denied a transfer, she could not return to work at the Endicott location. Petitioner argues that the State Division of Human Rights failed to adequately investigate the allegations in her complaint against IBM. The regional director of the division office in which the complaint is filed is required to make a "prompt and fair investigation" of the allegations in the complaint (9 NYCRR 465.6 [a]). The method of investigation is left to the discretion of the regional director and may include written or oral inquiry (9 NYCRR 465.6 [b]). The complainant must be afforded an opportunity to rebut evidence submitted by or obtained from the respondent before the complaint may be dismissed for no probable cause (9 NYCRR 465.6 [c]). These procedures were followed to the letter by the regional director. The allegations in petitioner's complaint were reviewed and an investigative inquiry form containing detailed questions pertaining to these allegations was sent to IBM. Its response contained specific facts and documentation sufficient to rebut petitioner's allegations. Petitioner was then interviewed by the regional director and given an opportunity to read and rebut the evidence submitted by IBM. Accordingly, since the division acted reasonably and arrived at its decision after investigating the petitioner's allegations and allowing her an opportunity to be heard, the determination should be upheld *(State Div. of Human Rights v Wayne Drug Co.,* 60 AD2d 990). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.