■ In the Matter of JOHN P. HARMON, Petitioner, v GENERAL ELECTRIC COMPANY, Respondent.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State

Human Rights Appeal Board, dated May 9, 1979, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that the respondent General Electric Company was guilty of an unlawful discriminatory practice based on creed. Petitioner's complaint alleged that the respondent General Electric Company discriminated against him because of his religious beliefs when it terminated his employment. Petitioner informed his employer that his religious beliefs would not permit him to continue to work in the machinery apparatus operation of respondent's company and requested a transfer to another division. He contends that he was ultimately discharged because of his pacifist views which are a part of his religious convictions as a Catholic. The complaint was dismissed by the State Division of Human Rights after an investigation on the ground that there was no probable cause to support such a claim. The determination was affirmed by the State Human Rights Appeal Board. Petitioner contends in this proceeding that the division failed to adequately investigate the allegations of his complaint to determine whether an unlawful discrimination had occurred. Subdivision 1 of section 296 of the Executive Law makes it an unlawful discriminatory practice for an employer to discharge an individual because of creed. The complainant has the burden of establishing that the reason for his dismissal was based on unlawful discrimination. Even assuming the truth of petitioner's allegations, they are at best conclusory and do not state facts sufficient to make a finding of discrimination based on creed. Petitioner claims that the investigatory procedure was inadequate. We find the procedure utilized in the instant case adequate *(State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). The actions of respondent were more than reasonable in attempting to accommodate the petitioner's religious convictions. They continued to pay him for nine additional weeks while he sought other placement. The employer also made efforts to relocate him. The division's determination was not arbitrary and unreasonable and was properly affirmed by the appeal board. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.