(December 10, 1979)

■ NATHAN BROWN et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 30, 1979, which affirmed a determination of the New York State Division of Human Rights dismissing petitioners' complaint upon a finding of no probable cause to believe that respondents Cragswold, Inc., and the members of the board of directors of Cragswold, Inc., had engaged in an unlawful discriminatory practice relating to housing. Order confirmed, without costs or disbursements, and proceeding dismissed. Petitioners argue that the State Division of Human Rights failed to adequately investigate the allegations in their complaint. The regional director of the division office in which a complaint is filed is required to make a "prompt and fair investigation" of the allegations in the complaint (9 NYCRR 465.6 [a]). The method of investigation is left to the discretion of the regional director and may include written or oral inquiry (9 NYCRR 465.6 [b]). The complainants must be afforded an opportunity to rebut evidence submitted by or obtained from

the respondents before the complaint may be dismissed for no probable cause (9 NYCRR 465.6 [c]). These procedures were followed to the letter by the regional director. The allegations in petitioners' complaint were reviewed and an investigative inquiry form containing detailed questions pertaining to these allegations was sent to the Cragswold respondents. The response contained specific facts sufficient to rebut petitioners' allegations. Petitioners were then given an opportunity to read and rebut the evidence submitted by the Cragswold respondents. Accordingly, since the division acted reasonably and arrived at its decision after investigating the petitioners' allegations and allowing them an opportunity to be heard, the determination should be upheld (see *Matter of Cornwell v IBM Corp.,* 67 AD2d 1034). Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.