■ In the Matter of GAF CORPORATION, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated March 31, 1981, which reversed an order of the State Division of Human Rights dismissing a complaint of unlawful sexual discrimination, found probable cause to sustain the complaint and remanded the matter to the division for further proceedings. In July, 1977, respondent Carol A. Kvaltine, an employee of the GAF Corporation since May, 1953, was suddenly terminated from her position as a sens-lab technician while three males in her department were retained. She subsequently filed a complaint charging unlawful sex discrimination. The employer stated that her dismissal was occasioned by the economic necessity to phase out its consumer film business and in turn lay off some 1,100 of its approximately 3,000 employees in its Binghamton, New York, plant. The State Division of Human Rights, in a determination made after an investigation, found no probable cause to believe that the employer engaged in the unlawful discriminatory practice complained of and dismissed the complaint. This determination was based on a finding that "in complainant's department, those retained were males who had a more varied work history and better evaluations than complainant." The employer now argues that the decision of the Human Rights Appeal Board should be annulled and the order of the division reinstated on the basis that the order of the division was not arbitrary, capricious or an abuse of discretion, was based on substantial evidence, and that the board exceeded its authority in reversing said order. Complainant contends that the record on appeal was "spotty" and incomplete as found by the appeal board and requests that the matter be remanded to the division for further investigation, and, if deemed necessary, an adversary hearing to develop the record. Subdivision 7 of section 297-a of the Executive Law prescribes and limits the reviewing function of the appeal board to that of "whether the order of the division is * * * supported by substantial evidence on the whole record" (par d), or "not arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion" (par e) *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 283). "Inclusion of these standards makes clear beyond doubt that the appeal board was meant to exercise the same limited scope of review that a court ordinarily does when passing on the determination of an administrative agency [citations omitted]" (pp 283-284). The action of the division in finding a lack of probable cause in this case cannot be said to lack a rational basis. It is not arbitrary, capricious or characterized by an abuse of discretion. The division's expertise in evaluating discrimination claims may not be lightly disregarded. The documentary evidence submitted by the employer established that the work experience in the backgrounds of the male employees was more varied and their performance ratings higher than the complaining employee's. Likewise, we find there was substantial evidence to support the division's finding of no probable cause. The appeal board may not substitute its factual judgment for that of the division on the threshold issue of probable

cause. The decision of the appeal board therefore cannot stand. Its determination should be annulled and the order of the State Division of Human Rights reinstated. Petition granted and determination annulled, without costs; order of State Division of Human Rights reinstated. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.