■ In the Matter of MARK S. FELLOWS, Petitioner, v CAPITAL AREA COMMUNITY HEALTH PLAN et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated March 4, 1981, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that the respondent, Capital Area Community Health Plan, engaged in an unlawful discriminatory practice based on creed. Petitioner contended that his employer discriminated against him because of his religious beliefs when it terminated his employment for failure to appear for work on Christmas Eve as scheduled. The employer informed its eight maintenance personnel that half were to work on Christmas Eve and half on New Year's Eve, and that they could opt for either day. The days fell on a Monday which was a regular work day. Petitioner expressed no preference immediately, wishing to discuss it with his family. The assignments were subsequently posted. Petitioner objected to his assignment on Christmas Eve because he wished to attend a religious service. His superior advised him to get one of the other employees to work in his place and, failing that, he would be required to appear for work. No one was willing to exchange assignments with petitioner. Petitioner failed to appear for work and was discharged on the following work day, December 26, 1979. The complaint was dismissed by the State Division of Human Rights after an investigation, and this determination was affirmed by the State Human Rights Appeal Board. This proceeding ensued. Petitioner contends that the division failed to adequately investigate the allegations of his complaint to determine whether an unlawful discrimination had occurred. The complainant has the burden of establishing that the reason for his dismissal was based on unlawful discrimination. Upon a filing of a complaint, the division must make a prompt investigation to determine if there is probable cause to believe that an illegal discrimination has occurred (Executive Law, § 297, subd 2; *Matter of Gregory v New York State Human Rights Appeal Bd.,* 64 AD2d 775). Here, after receipt of the complaint, an official of the respondent company was interviewed. The division then attempted, without success, to personally interview petitioner. They did interview his parents who substantially confirmed the statement of facts made by respondent. We conclude that this investigation, in what was a factually uncomplicated case, was adequate to support the determination of the division. Under these circumstances, a confrontation conference or hearing was not required (see *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990). The determination of the division was not arbitrary or unreasonable and was properly affirmed by the appeal board. Determination confirmed, and petitioner dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.