■ Bruce G. Dean, Appellant, v State of New York, Respondent. (Claim No. 65610.) — Appeal from an order of the Court of Claims (Lowery, Jr., J.), entered October 9, 1981, which granted the State's motion to dismiss the claim. Order affirmed, without costs, for the reasons stated in the decision of the Court of Claims (111 Misc 2d 97). Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.

■ In the Matter of New York State Division of State Police, Petitioner, v Werner H. Kramarsky, as Commissioner of the Division of Human Rights, et al., Respondents. — Proceeding initiated in this court, pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board, dated June 14, 1982, which reversed, as arbitrary and capricious, an order of the State Division of Human Rights finding no probable cause to believe that petitioner was guilty of an unlawful discriminatory practice based on race, color and disability. Complainant's application to become a State trooper was denied because of an unsatisfactory "background investigation"; the investigation had been conducted pursuant to standards set by the Superintendent of the State Police (9 NYCRR 475.1 [b]). The claim that his rejection was motivated by discrimination is unsupported in the record. Complainant was afforded a full and fair opportunity to offer evidence in his favor; his only statement to the Division of Human Rights' investigators was that his present employer, the Department of Correctional Services, was impeding his effort to join the State Police by charging him with irresponsibility and sleeping on the job. Even accepting as genuine these conclusory assertions that the Department of Correctional Services was bent on frustrating his transfer, they are simply insufficient to support a finding of discrimination against the Division of State Police (DSP) (*Matter of Harmon v General Elec. Co.*, 72 AD2d 903, 904, app dsmd 49 NY2d 916). Furthermore, the evidence presented by the DSP demonstrating its compliance with a continuing Federal court order which is designed to ensure proportionate minority representation on the force (*United States v State of New York*, 475 F Supp 1103) furnishes a rational and ample basis for the initial finding of no probable cause that the DSP discriminated against complainant. The appeal board is not authorized to substitute its judgment for that of the Division of Human Rights when, as here, the complaining party has been granted the opportunity to present his case, has failed to prove even one allegation of discrimination, and has had his claim controverted by evidence of a lack of wrongdoing (*Matter of Boiko v New York State Human Rights Appeal Bd.*, 88 AD2d 1045; *Matter of GAF Corp. v New York State Human Rights Appeal Bd.*, 83 AD2d 974). Petition granted, and determination annulled, without costs; order of State Division of Human Rights reinstated. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.