■ In the Matter of MICHAEL VADNEY, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 26, 1982, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that respondent Albany County Sewer District engaged in an unlawful discriminatory practice. Petitioner, employed by the Albany County Sewer District since 1974, suffered a heart attack in August, 1980. He returned to

work with his doctor's approval in March, 1981, and was discharged from his employment in August, 1981. Petitioner filed a complaint with the State Division of Human Rights, alleging that he was discharged due to his disability, a heart condition. The division dismissed the complaint for lack of probable cause and the appeal board affirmed. This proceeding ensued. Other than the allegations of discrimination in his complaint, petitioner offered no proof of any discriminatory motive for his discharge. The investigation conducted by the division, which included a conference with petitioner at which he was given the opportunity to review and respond to the employer's answer to his complaint, revealed no discriminatory practice. On the contrary, the employer presented evidence that petitioner was fired for excessive absenteeism after his return to work upon recovering from his heart attack, and that other employees had been terminated for similar reasons. Moreover, while recuperating from his heart attack, petitioner used up his sick leave and the employer advanced him additional time, hardly the actions of an employer intent on engaging in a discriminatory practice based upon petitioner's disability. In these circumstances, the investigation conducted by the division was sufficient, and its finding of no probable cause was not arbitrary or unreasonable and was properly affirmed by the board (*Matter of Fellows v Capital Area Community Health Plan*, 84 AD2d 872). Petitioner claims that he was entitled to a formal hearing since the allegations of his complaint and his statements during conference differed in some respects from the employer's allegations. The mere existence of questions of fact, however, does not require a hearing, but rather a hearing is mandated only when, giving full credence to petitioner's version of the events, there is some evidence of unlawful discrimination (*State Div. of Human Rights v Buffalo Auto Glass Co.*, 42 AD2d 678). There must, at least, be "a reasonable ground for *suspicion* founded on facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated" (*Matter of Commissioner of N. Y. State Dept. of Civ. Serv. v State Human Rights Appeal Bd.*, 64 AD2d 999, 1002). Here, accepting petitioner's version of the events surrounding his discharge, there is no evidence of any unlawful discriminatory practice. In this regard, it should be noted that full credence need not be given to petitioner's allegation in his complaint that he was discriminated against on the basis of his disability, for this is the ultimate conclusion, which must be determined solely by the division based upon all of the facts and circumstances (see *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.*, 48 NY2d 276, 284). Finally, there is nothing in the record to support petitioner's claim that the proceeding before the appeal board violated lawful procedure. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.