■ In the Matter of GREGORY FESSETTE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent. — Proceeding, initiated in this court pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board, dated February 2, 1983, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that respondent New York State Electric & Gas Corporation engaged in an unlawful practice. Petitioner contends that respondent New York State Electric & Gas Corporation (NYSE&G) denied him employment because he is a white male, in violation of the State Human Rights Law (Executive Law, art 15). Petitioner alleges that he was told by a NYSE&G official that one of the positions petitioner sought had to be filled by a minority and that the other had to be filled by a woman. After petitioner filed his complaint with the division, NYSE&G answered and the division requested that petitioner file a written response to the answer. He did so. Based upon these papers, the division found no probable cause to believe that NYSE&G had engaged in an unlawful discriminatory practice. Apparently, petitioner had in his possession a tape recording of his conversations with persons in NYSE&G's personnel office which he alleges supports his complaint. Petitioner, however, made no effort to inform the division of the existence of this evidence, and he offers no explanation for his failure to do so. After the division

issued its finding of no probable cause, petitioner notified the appeal board of the existence of the tape and moved to have it included in the record. His motion papers contained a transcript of the taped conversations. The board denied petitioner's motion and affirmed the division's order. Petitioner contends that the finding of no probable cause is arbitrary and capricious. Central to this contention is his claim that the division's investigation was inadequate since it failed to disclose the existence of the tape recording. We conclude that petitioner cannot withhold pertinent evidence exclusively in his possession and then claim that the division's investigation was inadequate simply because it failed to discover that evidence. Petitioner's claim that he had no opportunity to disclose the existence of the evidence is not borne out by the record. Although petitioner had no direct contact with division personnel, there were several written communications, including one letter where petitioner was given the name of the staff member who was to conduct the investigation and specifically advised that "[i]f you have any questions *or additional information to furnish the Division,* I would appreciate if you would get in touch with the staff person named above, at the above telephone number" (emphasis added). In its answer to petitioner's complaint, NYSE&G informed the division that it had advised petitioner of its affirmative action program whereby the company actively sought qualified minority and female applications. Based upon this evidence, and other evidence in the complaint, answer and petitioner's response, the division concluded that probable cause was lacking and the board affirmed. We see no basis for disturbing this determination (see *Matter of Fellows v Capital Area Community Health Plan,* 84 AD2d 872; cf. *Matter of New York State Div. of State Police v Kramarsky,* 91 AD2d 805). The appeal board apparently reviewed the transcripts of the taped conversations presented by petitioner and found that the conversations concerned NYSE&G's affirmative action program, which had already been considered by the division. Accordingly, the board concluded that the new evidence did not justify reopening the case and directing the division to investigate the matter further. We find no abuse of discretion in this determination. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.