■ In the Matter of ROSE JOCHNOWITZ, Petitioner, v JUNIOR COLLEGE OF ALBANY, a Division of RUSSELL SAGE COLLEGE, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated February 25, 1983, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice based on sex. Petitioner has been an economics professor in the business and economics division of respondent college for the past 15 years. In August, 1981, she reached the age of 65, the normal faculty retirement age at the college. However, she was retained under a one-year contract on a three-quarter time basis for the 1981-1982 academic year. In the spring of 1982, she was offered another one-year contract for the upcoming academic year which further reduced her position to that of adjunct status and diminished her teaching load and remuneration. She then filed the instant sex discrimination complaint with the State Division of Human Rights. It is from the division's dismissal of that complaint as lacking probable cause, later affirmed by the State Human Rights Appeal Board, that she now seeks judicial review. A preliminary issue is whether we may consider the various allegations in the petition pertaining to age discrimination which were the subject of two earlier complaints petitioner filed with the division, the first of which she withdrew and the second having been dismissed and not appealed. These allegations were not made a part of petitioner's complaint before the division in the instant case and there is nothing in the record to indicate that she presented any objections based on age discrimination in the division's proceedings now under review. Nevertheless, petitioner asserts that the division erred in not considering the earlier complaints as showing a background of discrimination and because, as she further alleges, she had been induced to withdraw her first complaint as a result of erroneous advice from a division representative. However, petitioner has advanced no reason why she failed to include such allegations in her present complaint or to offer proof thereof in the division's proceedings on that complaint, during which she was represented by counsel. Consequently, since petitioner has made no showing of any extraordinary circumstances to excuse her failure to urge such objections based upon age discrimination in those proceedings, they may not now be initially considered on judicial review (Executive Law, § 298; Goldsmith v New York Psychoanalytic Inst., 73 AD2d 16, 25; State Div. of Human Rights v State of New York, Executive Dept., Div. of State Police, 62 AD2d 617, 621). The remainder of petitioner's allegations are purely speculative and conclusory regarding the existence of any relationship between her faculty demotions and her status as a female. Petitioner has, therefore, failed to set forth facts sufficient to support a finding that she was the victim of any unlawful discriminatory practice on the part of her employer (Matter of Harmon v General Elec. Co., 72 AD2d 903, 904; cf. State Div. of Human Rights v Village of Spencerport, 78 AD2d 50, 53-54). The division conducted a confrontational conference at which petitioner and respondent's president were present, each represented by counsel. Exhibits from both sides were accepted both during and subsequent to the conference. Petitioner was able to hear and rebut respondent's defense and to argue and submit evidence on her own behalf. Under the circumstances prevailing, the division's investigation was more than adequate and petitioner had a full opportunity to present her case (Matter of Adelson v New York State Human Rights Appeal

*Bd.,* 79 AD2d 720, 721; cf. *Matter of Fellows v Capital Area Community Health Plan,* 84 AD2d 872, mot for lv to app den 55 NY2d 606). There was evidence, which the division was entitled to credit, that respondent college had appointed more females than males to positions of responsibility on its faculty in recent years, and that the demotion of petitioner to an adjunct faculty position was made on the recommendation of the *female* chairperson of her division for academic, budgetary and personal reasons having nothing whatsoever to do with petitioner's sex. Therefore, the division's finding of no probable cause was supported by substantial evidence and was not arbitrary or capricious (*State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284-285; *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332, 337). Accordingly, the petition should be dismissed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.