■ ELEANOR SOELLNER, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 25, 1983, which affirmed a determination of the New York State Division of Human Rights dismissing petitioner's complaint upon a finding of no probable

cause to believe the respondent employer had engaged in an unlawful discriminatory practice relating to employment. ¶ Petition granted to the extent that the order and determination are annulled, on the law, without costs or disbursements, and the matter is remitted to the New York State Division of Human Rights for further proceedings consistent herewith. ¶ Petitioner commenced this proceeding by filing a complaint with the New York State Division of Human Rights, alleging that she had been passed over for promotion to the position of "Office Associate", solely because she suffers from amyatonia congenita, a condition that leaves her with minimal use of her arms and hands. Petitioner alleges that this condition does not render her unable to perform the duties of that position. During the course of the investigation of this matter, a field representative of the division conducted a conference that was attended by petitioner and representatives of the respondent New York City Department of Buildings. At the end of the conference, the building department was instructed to submit further documentation with respect to this case. This documentation, which included the job descriptions of every office associate in the building department's Queens office, was submitted to the division and copies were forwarded to petitioner. However, petitioner, who appeared at the conference *pro se,* was not informed that she had the right to respond to these documents. Moreover, she alleges that she did not receive a full set of the documents submitted to the division after the conference. ¶ Upon filing of a complaint with the New York State Division of Human Rights, the regional director of the office in which it is filed must make a prompt and fair investigation to determine whether there is probable cause to believe the charged parties have committed illegal discrimination (Executive Law, § 297, subd 2; 9 NYCRR 465.6 [a]). Although the regional director has discretion to determine and conduct the most suitable investigation for a particular case, it is fundamental that the complainant "must be afforded an opportunity to rebut evidence submitted by or obtained from the respondents before the complaint may be dismissed for no probable cause" (*Brown v State Human Rights Appeal Bd.,* 73 AD2d 606, 606-607; see 9 NYCRR 465.6 [c]). It was an abuse of discretion for the division to make its determination of no probable cause without ensuring that the petitioner received all the documents submitted by the building department after the conference and notifying her of her right to respond thereto particularly in light of the fact that petitioner was not represented by counsel at the time. Accordingly, the matter is remitted to the division for further investigation so that petitioner may respond to the documents at issue (cf. *Matter of Cannavaro v State Human Rights Appeal Bd.,* 77 AD2d 930). We have considered petitioner's other contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.