■ In the Matter of SAMUEL BALBAN, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law

to review a determination of the State Human Rights Appeal Board, dated November 25, 1983, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice based on creed.

Petitioner was employed for over 25 years by respondent Falls Poultry Corporation, a company engaged in the slaughter, processing and distribution of kosher poultry. His position was that of a "shochet", a ritual slaughterer of chickens. Petitioner was discharged from his job on March 6, 1981 when Falls Poultry was notified by the Union of Orthodox Jewish Congregations of America (OU) that it had determined petitioner to be unqualified to work as a shochet. The OU further directed the employer not to retain petitioner in this capacity. Falls Poultry complied with this order so that it would remain in good standing with the OU. It needed the OU's approval, symbolized by its initials on the label of each product, in order to sell kosher poultry.

Petitioner then filed a complaint with the State Division of Human Rights where he alleged that Falls Poultry, in discharging him, was discriminating against him because he was an Orthodox Jew. In its decision, the Division dismissed the complaint on the ground that there was no evidence that Falls Poultry had engaged in the unlawful discriminatory practice charged. The order of the Division was affirmed by the State Human Rights Appeal Board. This proceeding followed.

We hold that the challenged determination must be confirmed. Petitioner's allegations of discrimination are completely unsubstantiated in the record. Its contents show that not only was petitioner not discriminated against because of his Orthodox Judaism, but he would never have been employed as a shochet had he not been an Orthodox Jew. The record further reveals that petitioner was disqualified by the OU from working as a shochet because he neglected to follow certain significant parts of its prescribed methodology. Once petitioner lost the OU's approval, his employer was forced to discharge him in order to stay in business as a producer of kosher foods. Given these circumstances, the Board did not abuse its discretion in ordering the dismissal of petitioner's complaint (see *Matter of Harmon v General Elec. Co.*, 72 AD2d 903, app dsmd 49 NY2d 916).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.