■ In the Matter of GEORGE C. REINIGER, Petitioner, v NEW YORK STATE DIVISION OF THE LOTTERY et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated April 6, 1984, which affirmed an

order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice based on age and disability.

Petitioner filed a complaint against respondent New York State Division of the Lottery (the Lottery) alleging that the Lottery failed to hire him for an attorney's position because of his age and his disability. Petitioner claimed that he had been interviewed for the position of associate attorney by the Lottery and that a younger person, not on the eligible list, was chosen. He claimed that after he disclosed to the interviewer that he had cancer, the interview was abruptly terminated.

An investigation by the State Division of Human Rights ensued. The Lottery responded that the position for which petitioner was interviewed had not been filled. Instead, the Lottery had requested and was granted permission to remove the position to a temporary noncompetitive classification. The Lottery offered the position to two male candidates from amongst those interviewed, both of whom were over 50 years of age. Each declined.

The prior holders of the position were males in their 50's. A 34-year-old male was appointed to the position, but left after two months. Finally, a 52-year-old female was appointed. Her name did not appear on the list containing petitioner's name. Russell Gladieux, the person who interviewed petitioner, did not recollect any disclosure of a disability.

The division dismissed petitioner's complaint, finding no probable cause to believe that the Lottery had engaged in any unlawful discriminatory practice. Following an affirmance of that decision by the Human Rights Appeal Board, this proceeding ensued.

The sole question for our determination is whether there is substantial evidence to support the determination (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The burden of proof is on petitioner to show that any unlawful discriminatory acts were committed against him. Petitioner's unsupported allegations of discrimination are insufficient to support the charges. We therefore conclude that the determination dismissing the complaint should not be disturbed.

As to the other points raised by petitioner, we find these likewise unavailing. A proceeding under section 298 of the Human Rights Law is not the appropriate vehicle to challenge the reclassification of a civil service position from competitive to noncompetitive. The issue is not otherwise properly before us. Finally, we find no merit in petitioner's allegation that the investigation was inadequate.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.