■ In the Matter of JAMES B. SWETT, JR., Petitioner, v SCHENECTADY COMMUNITY ACTION PROGRAM, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Division of Human Rights, dated May 22, 1984, which dismissed petitioner's complaint of an unlawful discriminatory practice based on race, color and sex.

Petitioner was employed for approximately two and one-half years by respondent as a program coordinator for the Schenectady County Head Start program. He was discharged from his job on December 17, 1983. Petitioner filed a complaint with the State Division of Human Rights wherein he alleged that respondent, in discharging him, was unlawfully discriminating against him because he was a white male (his supervisor was a black woman). In its decision, the division dismissed the complaint on the ground that there was no probable cause to believe that respondent had engaged in the unlawful discriminatory practice charged, and that petitioner had instead been discharged because of his poor attendance record and otherwise unsatisfactory job performance. This proceeding followed.

The challenged determination must be confirmed as petitioner's allegations are unsubstantiated by the record (see *Matter of Campchero v General Elec. Broadcasting,* 88 AD2d 747, 748). The record discloses that petitioner had been placed on three months' probation by his supervisor as of August 29, 1983 based on, *inter alia,* his repeated absenteeism and failure to complete his administrative assignments. Specifically, in regard to the latter charge, petitioner had failed to prepare a satisfactory community needs assessment report, which had first been assigned to him in July, 1982. Although the report was a crucial element of the agency's funding requirements, petitioner failed three times to meet the deadlines set and reset for the satisfactory completion of this important assignment. There was additional evidence that petitioner had failed to complete other longstanding work assignments.

Petitioner has not adequately rebutted these charges. Instead, he has submitted letters of recommendation, written by previous employers, in which his work performance is praised. However, while the letters are complimentary, they do not address petitioner's performance on the job at Head Start, which is necessarily the focus of the instant proceeding.

Accordingly, on the record presented here, there is a rational basis for the division's determination that petitioner was discharged, not because of unlawful discrimination, but because of his unsatisfactory job performance. Since this decision is not arbitrary and capricious, it must be confirmed (see *Matter of Jochnowitz v Junior Coll.,* 96 AD2d 1131, 1132, mot for lv to app den 60 NY2d 559; *Matter of Campchero v General Elec. Broadcasting, supra,* p 748).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey and Weiss, JJ., concur.