■ In the Matter of RALPH E. POWE, Petitioner, v COUNTY OF ALBANY, DEPARTMENT OF EMPLOYMENT AND TRAINING, Respondent. — Levine, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated May 20, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice based on race and color.

Petitioner was employed on June 9, 1978 as a planner by respondent, a facet of the Federally funded CETA program. He subsequently received promotions and raises. However, on September 30, 1980, he was one of 15 employees discharged by

respondent as the result of a severe reduction in Federal funding, occasioned by the government's plan to ultimately phase out the CETA program. While petitioner is black, the other 14 employees discharged at the same time as petitioner were white. Petitioner subsequently filed a complaint with the State Division of Human Rights, alleging that respondent, in discharging him, had unlawfully discriminated against him based on his race and color. Following an investigation, the Division dismissed the complaint for lack of probable cause. This proceeding followed.

The record discloses that petitioner's position with respondent was terminated due to a loss of $400,000 in Federal funding over the previous three years. Petitioner's contention that his dismissal was the product of racial discrimination is undermined by the fact that, as already noted, 14 white employees also lost their jobs on the same day as petitioner and for the same reason. Petitioner has failed to produce any evidence to support his allegation that he was fired because he is black.

Accordingly, on the record before us, we find nothing irrational in the Division's determination that petitioner was discharged not because of unlawful discrimination, but because of respondent's loss of the funding necessary to maintain his position. Since this decision is not arbitrary and capricious, it must be confirmed (see, Matter of Jochnowitz v Junior Coll. of Albany, 96 AD2d 1131, 1132, lv denied 60 NY2d 559).

We also note that petitioner's contention that the investigation conducted by the Division was biased and inadequate is unsupported by the record and must, accordingly, also be rejected (see, Matter of Taber v New York State Human Rights Appeal Bd., 64 AD2d 990, 991).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.