■ In the Matter of ALICE F. SHEPPARD, Petitioner, v H. CARL McCALL, as Commissioner of the State Division of Human Rights, et al., Respondents.—Proceeding pursuant to Executive Law § 298 (incorrectly denominated as a proceeding pursuant to CPLR article 78) to review a determination of the New York State Division of Human Rights, dated June 13, 1984, which dismissed the petitioner's complaint upon a finding of no probable cause to believe that the respondent employer had engaged in an unlawful discriminatory practice relating to employment.

Determination confirmed and proceeding dismissed, without costs or disbursements.

The determination of the New York State Division of Human Rights that petitioner was not discharged based on her race, but based on unsatisfactory job performance, was supported by substantial evidence (*see,* Executive Law § 298; *State Div. of Human Rights v Columbia Univ.,* 39 NY2d 612, 616, *cert denied sub. nom. Gilinsky v Columbia Univ.,* 429 US 1096; *State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201, *appeal dismissed* 420 US 915; *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 57). Additionally, petitioner was given a full and fair opportunity to present evidence on her behalf and to rebut the evidence presented by the respondent employer (*see, Soellner v State Div. of Human Rights,* 100 AD2d 876, 877; *Brown v State Human Rights Appeal Bd.,* 73 AD2d 606, 606-607). Specifically, petitioner was sent two letters by State Division of Human Rights Specialist Marc Sauve, inviting her to present evidence and to rebut the evidence presented by the respondent employer. However, the record shows that petitioner never responded to these letters. Thus, petitioner failed to avail herself of the opportunity to present evidence and rebut her employer's evidence. Finally, the fact that no conference or hearing was held with respect to petitioner's complaint does not require the annulment of the determination, since it is within the discretion of the New York State Division of Human Rights to decide what method or methods to employ in investigating complaints of discrimination, and since petitioner has otherwise been afforded a

complete and fair opportunity to present her case (*see, Brown v State Human Rights Appeal Bd., supra; Matter of Cornwell v IBM Corp.,* 67 AD2d 1034; *Matter of Moscatiello v New York State Human Rights Appeal Bd.,* 65 AD2d 904). Brown, J. P., O'Connor, Weinstein, and Rubin, JJ., concur.