■ In the Matter of PATRICIA CHIRGOTIS, Respondent, v MOBIL OIL CORPORATION, Appellant, et al., Respondent.—Judgment (denominated an order), Supreme Court, New York County (Louis Grossman, J.), entered July 7, 1986, which

granted the petition of Patricia Chirgotis to the extent of annulling the determinations of the New York State Division of Human Rights which had dismissed her complaints of age and sex discrimination against her former employer, Mobil Oil Corporation, on the basis of a finding of "no probable cause", and remitting the entire matter to the Division of Human Rights for a fuller investigation, unanimously reversed, on the law, the petition dismissed, and the determinations of the Division of Human Rights dismissing the complaints reinstated, without costs.

Petitioner Patricia Chirgotis filed two complaints against her former employer Mobil Oil Corporation with the New York State Division of Human Rights (DHR). The virtually identical complaints alleged that she had been passed over for promotion and then forced to retire because of her sex and age, respectively. After consideration of extensive written submissions by the parties, DHR made a finding of "no probable cause" and dismissed the complaints. At Trial Term, the determinations were annulled as capricious on the ground that DHR did not conduct any interviews or conferences and based its determinations solely on the papers submitted. Since we find that the investigation by DHR was adequate and permitted petitioner a full opportunity to present her contentions, the order annulling the DHR determinations must be reversed.

Petitioner entered the employ of Mobil as a secretary in 1962 and after various promotions rose to the position of senior marine adjuster in the Marine Claims and Insurance Department, the position she held at the time she retired on December 1, 1982, at the age of 61. Petitioner claims that she had applied for the position of supervisor of that department upon the retirement of the incumbent in August 1982 and was promised the position. Instead, a younger man, one R. Peltz, was awarded the position, in a lateral transfer from another department at Mobil. She further claims that soon after she was passed over for the promotion, she was forced to retire.

Mobil answered the complaints with a lengthy written submission which included a 56-page statement of position, detailed affidavits from petitioner's two supervisors, and numerous other relevant documents. In essence, Mobil's position was that Peltz was more highly qualified for the position and that petitioner's retirement was totally voluntary.

Its answering papers indicated that due to financial difficulties, Mobil began a company-wide reorganization in January 1981. As a result, many employment positions were elimi-

nated and staff reduction was also sought to be achieved through incentive offers for voluntary early retirement. Petitioner's supervisor, one Otto Bux, opted for the early retirement program. Chirgotis was promised that she would be considered and recommended for the supervisor position, but other candidates were also considered. Peltz, whose job had been eliminated in the reorganization, was eminently qualified for the position—a graduate of the United States Merchant Marine Academy, a veteran deck inspector for the United States Coast Guard (a job which included marine casualty investigation and insurance claim matters), and a marine salvage surveyor and safety inspector in private industry for several years, before his work at Mobil as a marine safety inspector.

Up to 1980, petitioner's work experience was predominately clerical and administrative. Because of her fine work record and desire for promotion, she was appointed senior marine adjuster in November 1980. Chirgotis familiarized herself with marine and insurance terminology both by attending seminars and in the course of her on-the-job training. Her records indicate that she performed well and handled simple claims on her own but needed assistance when involved in more complex maritime matters. Accordingly, Mobil asserted that Mr. Peltz was more highly qualified and that petitioner's age and sex were not a factor. Mobil also points out that in 1979 it offered petitioner a comparable promotional opportunity but that she declined because it would require relocating to Virginia.

As to petitioner's retirement, Mobil asserted that it was not "forced" but totally voluntary as part of the "early retirement" program. It noted that four employees of similar age in petitioner's department were eligible for the early retirement and that the two men so eligible retired, but the other woman sought more time to consider the program, was counseled by Mobil, and eventually did not retire. Ms. Chirgotis, on the other hand, chose to retire voluntarily and was not coerced because of her age or sex.

DHR granted petitioner ample opportunity to respond to Mobil's submissions. She took advantage of this opportunity by offering 49 pages, typed and single spaced, of statements in rebuttal together with over 100 pages of documentary exhibits. This rebuttal set forth petitioner's position comprehensively, answered many of the minor factual points in her supervisors' affidavits, and set forth a detailed history of her

work performance during her years at Mobil, attempting to establish that she was highly qualified for the promotion.

After carefully reviewing all of this material, as evidenced by its detailed "Investigation Report" and "Basis for Determination" memos, DHR issued its determinations dismissing the complaints for "no probable cause".

Trial Term found that DHR did not pursue an "in-depth investigation" because of its failure to conduct any interviews or hold a hearing or conference. DHR was faulted for its reliance on the written submissions alone and its determination was found to be capricious by reason thereof.

We reverse and reinstate the DHR determinations. We find that under the circumstances here present, DHR conducted a sufficient investigation and provided petitioner with a full opportunity to present her claims. It is within the discretion of the DHR to decide the method or methods to be employed in investigating a claim. *(E.g., Matter of Kushnir v New York State Div. of Human Rights,* 114 AD2d 898; *Matter of Sheppard v McCall,* 112 AD2d 239; *Ditaranto v State Div. of Human Rights,* 111 AD2d 702.) A DHR determination of "no probable cause" should be overturned as capricious only where the record demonstrates that its investigation was "abbreviated or one-sided". *(E.g., Bachman v State Div. of Human Rights,* 104 AD2d 111, 115.)

Notwithstanding that no hearing or conference is held, where a claimant has a full and fair opportunity to present her contentions and evidence, there is no basis to annul the determination as arbitrary or capricious. *(State Div. of Human Rights v New York State Drug Abuse Control Commn.,* 59 AD2d 332; *see also, e.g., Matter of Kushnir v New York State Div. of Human Rights, supra.)* Since Ms. Chirgotis was given an opportunity to present her lengthy and detailed written submissions, and since from the record it appears that her submissions were thoroughly considered, the determinations cannot be found to be arbitrary or capricious merely because no hearing or conference was held. Concur—Sandler, J. P., Sullivan, Carro and Ellerin, JJ.