■ In the Matter of FREDERICK J. MURPHY, Appellant, v RUSSELL SAGE COLLEGE et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered July 28, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding no probable cause to believe that

---

respondent Russell Sage College had discriminated against petitioner on the basis of his age.

Following an investigation of petitioner's complaint of age discrimination, respondent State Division of Human Rights issued a determination of no probable cause *(see,* Executive Law § 297 [2]), finding that petitioner's employment was terminated pursuant to a contract between petitioner and respondent Russell Sage College and that there was insufficient evidence to support petitioner's complaint of discrimination due to his age. Petitioner contends that the Division's investigation was inadequate and that its finding of no probable cause is irrational.

In support of his claim of inadequacy in the investigation, petitioner points to the absence of both a confrontation conference and a hearing. However, since the record reveals that petitioner was given a full and fair opportunity to present evidence on his behalf and to rebut the evidence presented by the employer, we find no abuse of discretion in the Division's selection of the method to be used in investigating petitioner's complaint *(see, Matter of Chirgotis v Mobil Oil Corp.,* 128 AD2d 400, 403, *lv denied* 69 NY2d 612; *Matter of Kushnir v New York State Div. of Human Rights,* 114 AD2d 898). After reviewing the documentary evidence, including that submitted by petitioner in support of his complaint and in rebuttal to the evidence submitted by the employer, the Division found insufficient evidence to support petitioner's claim of age discrimination. We may not substitute our judgment for that of the Division where its determination is not arbitrary or capricious *(Matter of Gray v Albany Med. Center Hosp.,* 108 AD2d 1031). Since unsupported allegations of discrimination are insufficient to meet petitioner's burden of showing that unlawful discriminatory acts were committed against him *(see, Matter of Reiniger v New York State Div. of Lottery,* 105 AD2d 902, 903, *lv denied* 64 NY2d 609), we find nothing arbitrary or capricious in the determination under review. Supreme Court's judgment dismissing the petition should therefore be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.