■ In the Matter of VINCENT D. GLEASON, Appellant, v W.C. DEAN SR. TRUCKING, INC., Respondent. [646 NYS2d 20] ■

The petitioner was employed as a truck helper on an as-needed basis by the respondent, W.C. Dean Sr. Trucking, Inc.

During his employment, the petitioner was laid off "from time to time" and eventually was discharged. The petitioner filed a complaint with the State Division of Human Rights alleging, *inter alia,* that prior to his termination, at the age of 58, he was given a driving test on a truck that was in disrepair, that he failed the test, and that the respondent hired a 45-year-old man for the position. After an investigation, the State Division of Human Rights determined that there was no probable cause to believe that the respondent unlawfully discriminated against the petitioner on the basis of his age. Thereafter, the petitioner commenced a proceeding pursuant to CPLR article 78 to review the determination of the State Division of Human Rights and the Supreme Court dismissed the petition. On appeal, the petitioner alleges, *inter alia,* that the determination was not supported by sufficient evidence, was arbitrary and capricious, and violated his constitutional rights.

It is within the discretion of the State Division of Human Rights to decide the method to be used in investigating a claim *(see, e.g., Matter of Chirgotis v Mobil Oil Corp.,* 128 AD2d 400). As long as a petitioner has a full opportunity to present his claims, neither a hearing *(see, Matter of Murphy v Russell Sage Coll.,* 134 AD2d 716) nor a confrontation conference *(see, State Div. of Human Rights v Hamilton Coll.,* 113 AD2d 1006) is mandated. Here, the petitioner was given a full opportunity to present his evidence and to discuss with the State Division of Human Rights the status of the investigation *(see, e.g., State Div. of Human Rights v Hamilton Coll., supra).* Since the petitioner was given an opportunity to present his case, and the record shows that the submissions were in fact considered, the determination cannot be arbitrary and capricious merely because no hearing was held *(see, Matter of Chirgotis v Mobil Oil Corp., supra,* at 403).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.