# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

761

CA 15-01794

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF CHRISTOPHER SMITH,
PETITIONER-RESPONDENT,

V                                            MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND
SKF USA INC., RESPONDENTS-APPELLANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT SKF USA INC.

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (MARILYN BALCACER OF
COUNSEL), FOR RESPONDENT-APPELLANT NEW YORK STATE DIVISION OF HUMAN
RIGHTS.

LAW OFFICE OF LINDY KORN PLLC, BUFFALO (WILLIAM F. HARPER, V, OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeals from an order of the Supreme Court, Chautauqua County
(Paul Wojtaszek, J.), entered May 7, 2015. The order granted the
petition, vacated a determination of respondent New York State
Division of Human Rights and remitted for a hearing pursuant to the
Human Rights Law.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to
Executive Law § 298 challenging the determination of respondent New
York State Division of Human Rights (Division) dismissing petitioner's
employment discrimination complaint against respondent SKF USA Inc.
(SKF) on the ground that there was no probable cause to believe that
SKF unlawfully discriminated against petitioner when it terminated his
employment. Supreme Court erred in granting the petition, vacating
the determination and remitting the matter to the Division for a
hearing. "Where, as here, 'a determination of no probable cause is
rendered [by the Division] without holding a public hearing pursuant
to Executive Law § 297 (4) (a), the appropriate standard of review is
whether the determination was arbitrary and capricious or lacking a
rational basis' " (*Matter of Goston v American Airlines*, 295 AD2d 932,
932). We agree with respondents that the court erred in disturbing
the Division's determination based, inter alia, upon its failure to
conduct a hearing. "Courts give deference to [the Division] due to

its experience and expertise in evaluating allegations of discrimination" (*Matter of Curtis v New York State Div. of Human Rights*, 124 AD3d 1117, 1118), and such deference extends to the Division's decision whether to conduct a hearing.  "It is within the discretion of [the Division] to decide the method to be used in investigating a claim" (*Matter of Gleason v Dean Sr. Trucking*, 228 AD2d 678, 679), and a hearing is not required in all cases (*see Matter of Giles v State Div. of Human Rights*, 166 AD2d 779, 780-781).  Where, as here, the parties made extensive submissions to the Division, "petitioner was given an opportunity to present his case, and the record shows that the submissions were in fact considered, the determination cannot be arbitrary and capricious merely because no hearing was held" (*Gleason*, 228 AD2d at 679; *see Matter of Vora v New York State Div. of Human Rights*, 103 AD3d 739, 739).

In addition, we further agree with respondents that the court erred in disturbing the Division's determination of no probable cause on the ground that the submissions of petitioner and SKF raised issues of fact that required a hearing.  "Probable cause exists only when, after giving full credence to [petitioner's] version of the events, there is some evidence of unlawful discrimination . . . There must be a *factual* basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced" (*Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725).  While petitioner's "factual showing must be accepted as true on a probable cause determination" (*Matter of Mambretti v New York State Div. of Human Rights*, 129 AD3d 1696, 1697, *lv denied* 26 NY3d 909), "full credence need not be given to [the] allegation[s] in [petitioner's] complaint that he was discriminated against on the basis of [disability, gender and/or gender stereotyping], for this is the ultimate conclusion, which must be determined solely by the [D]ivision based upon all of the facts and circumstances" (*Matter of Vadney v State Human Rights Appeal Bd.*, 93 AD2d 935, 936).  We agree with respondents that a rational basis supports the Division's determination that, based upon all the facts and circumstances here, there was no reasonable ground for suspicion that SKF unlawfully discriminated against petitioner when it terminated his employment.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court