Appeals from an order of the Supreme Court, Chautauqua County (Paul Wojtaszek, J.), entered May 7, 2015. The order granted the petition, vacated a determination of respondent New York State Division of Human Rights and remitted for a hearing pursuant to the Human Rights Law.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 challenging the determination of respondent New York State Division of Human Rights (Divi *1363 sion) dismissing petitioner’s employment discrimination complaint against respondent SKF USA Inc. (SKF) on the ground that there was no probable cause to believe that SKF unlawfully discriminated against petitioner when it terminated his employment. Supreme Court erred in granting the petition, vacating the determination and remitting the matter to the Division for a hearing. “Where, as here, ‘a determination of no probable cause is rendered [by the Division] without holding a public hearing pursuant to Executive Law § 297 (4) (a), the appropriate standard of review is whether the determination was arbitrary and capricious or lacking a rational basis’ ” (Matter of Goston v American Airlines, 295 AD2d 932, 932 [2002]). We agree with respondents that the court erred in disturbing the Division’s determination based, inter alia, upon its failure to conduct a hearing. “Courts give deference to [the Division] due to its experience and expertise in evaluating allegations of discrimination” (Matter of Curtis v New York State Div. of Human Rights, 124 AD3d 1117, 1118 [2015]), and such deference extends to the Division’s decision whether to conduct a hearing. “It is within the discretion of [the Division] to decide the method to be used in investigating a claim” (Matter of Gleason v Dean Sr. Trucking, 228 AD2d 678, 679 [1996]), and a hearing is not required in all cases (see Matter of Giles v State Div. of Human Rights, 166 AD2d 779, 780-781 [1990]). Where, as here, the parties made extensive submissions to the Division, “petitioner was given an opportunity to present his case, and the record shows that the submissions were in fact considered, the determination cannot be arbitrary and capricious merely because no hearing was held” (Gleason, 228 AD2d at 679; see Matter of Vora v New York State Div. of Human Rights, 103 AD3d 739, 739 [2013]).
In addition, we further agree with respondents that the court erred in disturbing the Division’s determination of no probable cause on the ground that the submissions of petitioner and SKF raised issues of fact that required a hearing. “Probable cause exists only when, after giving full credence to [petitioner’s] version of the events, there is some evidence of unlawful discrimination . . . There must be a factual basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced” (Matter of Doin v Continental Ins. Co., 114 AD2d 724, 725 [1985]). While petitioner’s “factual showing must be accepted as true on a probable cause determination” (Matter of Mambretti v New York State Div. of Human Rights, 129 AD3d 1696, 1697 [2015], lv denied 26 NY3d 909 [2015]), “foil credence need not be given to [the] allegation [s] in [petitioner’s] complaint that he was *1364 discriminated against on the basis of [disability, gender and/or gender stereotyping], for this is the ultimate conclusion, which must be determined solely by the [Division based upon all of the facts and circumstances” (Matter of Vadney v State Human Rights Appeal Bd., 93 AD2d 935, 936 [1983]). We agree with respondents that a rational basis supports the Division’s determination that, based upon all the facts and circumstances here, there was no reasonable ground for suspicion that SKF unlawfully discriminated against petitioner when it terminated his employment.
Present — Whalen, P.J., Smith, NeMoyer, Cur-ran and Scudder, JJ.