In the Matter of GENE MAJCHRZAK, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [57 NYS3d 606]—

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered December 9, 2015 in a proceeding pursuant to Executive Law § 298. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that petitioner's employer, respondent Uponor Infra Corporation (Uponor), discriminated and retaliated against him. We reject petitioner's contention that Supreme Court erred in dismissing the petition.

"Where, as here, SDHR 'renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacked a rational basis' " (*Matter of Napierala v New York State Div. of Human Rights*, 140 AD3d 1746, 1747 [2016]; *see Matter of McDonald v New York State Div. of Human Rights*, 147 AD3d 1482, 1482 [2017]). "Probable cause exists only when, after giving full credence to the

complainant's version of the events, there is some evidence of unlawful discrimination . . . There must be a *factual* basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced" (*Matter of Mambretti v New York State Div. of Human Rights*, 129 AD3d 1696, 1697 [2015], *lv denied* 26 NY3d 909 [2015] [internal quotation marks omitted]). Although petitioner's "factual showing must be accepted as true on a probable cause determination" (*id.*), "full credence need not be given to petitioner's allegation in his complaint that he was discriminated against on the basis of his [age or] disability, for this is the ultimate conclusion, which must be determined solely by [SDHR] based upon all of the facts and circumstances" (*Matter of Vadney v State Human Rights Appeal Bd.*, 93 AD2d 935, 936 [1983]; *see McDonald*, 147 AD3d at 1483; *Matter of Smith v New York State Div. of Human Rights*, 142 AD3d 1362, 1363-1364 [2016]).

Here, we conclude that SDHR properly investigated petitioner's complaint and provided him with a full and fair opportunity to present evidence on his behalf and to rebut the evidence presented by Uponor (*see Matter of Witkowich v New York State Div. of Human Rights*, 56 AD3d 1170, 1170 [2008], *lv denied* 12 NY3d 702 [2009]). We further conclude that SDHR's determination is supported by a rational basis and is not arbitrary or capricious (*see McDonald*, 147 AD3d at 1483; *Witkowich*, 56 AD3d at 1170; *Matter of Murphy v Russell Sage Coll.*, 134 AD2d 716, 717 [1987]). Present—Whalen, P.J., Smith, Carni and Scudder, JJ.