Matter of Conte v City of N.Y. Dept. of Sanitation (DSNY) (2018 NY Slip Op 02252)





Matter of Conte v City of N.Y. Dept. of Sanitation (DSNY)


2018 NY Slip Op 02252


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6132 101058/16

[*1]In re Marc Conte, Petitioner-Appellant,
v
City of New York Department of Sanitation (DSNY), et al., Respondents-Respondents,


Marc Conte, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered June 21, 2017, inter alia, denying the petition and dismissing the proceeding brought to annul the determination of respondent New York State Division of Human Rights (DHR) finding no probable cause to believe that respondent City of New York Department of Sanitation (DSNY) had engaged in the unlawful discriminatory employment practice complained of, unanimously affirmed, without costs.
DHR's finding of no probable cause was rationally based and was not arbitrary and capricious (see Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108, 111 [1st Dept 1998]). Petitioner, a probationary employee, was terminated upon a unanimous vote by DSNY's Employee Review Board, after receiving four "unsatisfactory" quarterly performance reviews and nine written warnings. Petitioner failed to produce evidence that the proffered reason for his termination was false or pretextual and that discrimination and/or retaliation was the real reason (see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d 265, 270-271 [2006]). DHR "has broad discretion in determining the method to be employed in investigating a claim, and its determination will not be overturned unless the record demonstrates that its investigation was abbreviated or one-sided" (Matter of Pascual v New York State Div. of Human Rights, 37 AD3d 215, 216 [1st Dept 2007]). No such showing has been made here as petitioner was given a full and fair opportunity to present his claim via written submissions (see Matter of Chirgotis v Mobil Oil Corp., 128 AD2d 400, 403 [1st Dept 1987], lv denied 69 NY2d 612 [1987]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK