Matter of Ufland v New York State Div. of Human Rights (2018 NY Slip Op 08800)





Matter of Ufland v New York State Div. of Human Rights


2018 NY Slip Op 08800


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1162 CA 18-00397

[*1]IN THE MATTER OF DENISE UFLAND, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS-RESPONDENTS. 






LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR PETITIONER-APPELLANT.
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ERIN E. MOLISANI OF COUNSEL), FOR RESPONDENT-RESPONDENT ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered May 16, 2017 in a proceeding pursuant to Executive Law § 298. The order denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR), after an investigation, that there was no probable cause to believe that petitioner's former employer, respondent Erie County Department of Social Services (County), discriminated against petitioner on the basis of her disability. Supreme Court denied the petition, thereby upholding SDHR's determination, and we affirm.
Initially, we note that the County terminated petitioner's employment on May 12, 2015, and petitioner thereafter filed her administrative complaint on May 4, 2016. To the extent that petitioner's claims of disability discrimination are premised on certain adverse employment actions occurring more than one year before the filing of the administrative complaint, i.e., prior to May 4, 2015, those claims are untimely (see Executive Law § 297 [5]; Kim v New York State Div. of Human Rights, 107 AD3d 434, 434 [1st Dept 2013], lv denied 21 NY3d 866 [2013]). In any event, we conclude that "SDHR conducted a proper investigation and afforded petitioner a full and fair opportunity to present evidence on [her] behalf and to rebut the evidence presented by [the County,]" and we further conclude that the determination " is supported by a rational basis and is not arbitrary or capricious' " (Matter of Szlapak v New York State Div. of Human Rights, 153 AD3d 1646, 1647 [4th Dept 2017]).
We reject petitioner's contention that SDHR's determination was arbitrary, capricious, and lacking a rational basis because SDHR overlooked the decision of the Unemployment Insurance Appeal Board, which petitioner maintains was "evidence" of discrimination. Findings of fact or law by the Unemployment Insurance Appeal Board have no preclusive effect in subsequent actions or proceedings not related to article 18 of the Labor Law (see Labor Law § 623 [2]). Thus, the weight to be accorded to that decision, if any, was a matter within SDHR's " broad discretion' " in investigating complaints (Matter of Napierala v New York State Div. of Human Rights, 140 AD3d 1746, 1747 [4th Dept 2016]).
To the extent that petitioner contends that a hearing was required, it is well settled that SDHR is not required to hold a hearing (see Matter of McDonald v New York State Div. of [*2]Human Rights, 147 AD3d 1482, 1482 [4th Dept 2017]; Matter of Smith v New York State Div. of Human Rights, 142 AD3d 1362, 1363 [4th Dept 2016], lv denied 30 NY3d 913 [2018]). Where, as here, "the parties made extensive submissions to [SDHR], petitioner was given an opportunity to present [her] case, and the record shows that the submissions were in fact considered, the determination cannot be arbitrary and capricious merely because no hearing was held" (McDonald, 147 AD3d at 1482 [internal quotation marks omitted]).
Finally, we reject petitioner's contention that SDHR improperly credited the County's proffered nondiscriminatory reasons for firing her over her own account that her termination was motivated by discrimination. Although SDHR was required to accept as true petitioner's factual showing, it was free to reject her legal conclusions (see Matter of Majchrzak v New York State Div. of Human Rights, 151 AD3d 1856, 1857 [4th Dept 2017]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court