OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, the order of the New York State Human Rights Appeal Board reinstated, and the cross motion for enforcement granted, with costs.
 

 The State division made findings that the complainant, Eugene Dawson, and his wife are American Indians, clearly recognizable as such, with copper-colored skin and coarse black hair. On August 22, 1975 each was wearing an Indian headband and Mrs. Dawson also had Indian ornaments woven into her braided hair. They had purchased round trip tickets and were waiting to board petitioner’s bus. Mrs. Dawson
 
 *973
 
 mistakenly presented the driver with a return trip ticket which looked very much like the ticket for the first leg of the trip. The Dawsons were told in a "nasty voice” to "Get to the end of the line” rather than to step aside and converse with the driver while the other passengers continued to load. When the Dawsons attempted to correct the misunderstanding by presenting the correct tickets, the driver then shouted "Get to the end of the line. I told you before, get to the end of the line”. When Mrs. Dawson asked the driver for his badge number the driver replied "Now you’re not going on the bus at all. Wait for the next bus”. He then drove off leaving them on the platform. The division expressly credited the testimony forming the basis of these findings and discredited the inconsistent testimony of the bus driver that Mr. Dawson had appeared to be under the influence of alcohol or a drug. It concluded that the driver discriminated against the complainant and his wife because of their national origin (Executive Law, § 296.2). Clearly, it was then within the province of the division to infer that the driver shaped his testimony to disguise a discriminatory motive for his actions. All of these findings were affirmed by the Human Rights Appeal Board. It is not always necessary to find specific evidence of spoken references to complainants’ national origin or color, for acts of discrimination may occur without such references. On this record, which showed that the driver’s orders for the Dawsons to go to the end of the line were inconsistent with company policy and included a refusal to transport them at all, it was error for the Appellate Division to hold that there was a lack of substantial evidence to support the finding of conscious discrimination because of complainants’ national origin
 
 (300 Gramatan Ave. Assoc. v State Div. of Human Rights,
 
 45 NY2d 176).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.