■ ROSLYN UNION FREE SCHOOL DISTRICT et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS, on the Complaint of SUZANNE SWITALA, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review so much of an order of the State Human Rights Appeal Board, dated February 22, 1979, as affirmed those portions of a determination of the State Division of Human Rights, dated May 15, 1978, which, after a hearing, found that the petitioner school district had discriminated against the complainant, a substitute teacher, because she was pregnant, and directed the school district to take certain affirmative action. The State division has cross-applied for enforcement of the order. Petition granted, order annulled insofar as reviewed, on the law, without costs or disbursements, and the complaint as against the petitioner school district is dismissed. The cross

application is denied, without costs or disbursements. The complainant, Suzanne Switala, was employed as a regular substitute teacher for emotionally handicapped children for the school years 1974-1975 and 1975-1976. She replaced the regular tenured teacher who was on maternity leave. On March 9, 1976 she was informed there would be a position available for her, starting in September, for the 1976-1977 school year subject to her receiving a satisfactory evaluation. After she received a satisfactory evaluation she informed petitioners on May 12, 1976 that she was pregnant and would require a leave of absence. At various times she requested leaves of several months, to expire in January, 1977, and then she requested a leave for the entire school year. In July, 1976 the petitioner was informed that her request for a maternity leave had been rejected and that her services would no longer be required. Upon these facts the State commissioner found that the complainant had been discriminated against on the basis of her sex. We find that as a matter of law there is no evidence in the record to support this determination. Central to the commissioner's determination were the following findings: "10. Although Respondents [petitioners herein] contended that substitute teachers are not entitled to sick leave accrual or reinstatement, it is clear that the collective bargaining agreement between the Respondent School District and the Teachers Association which is the exclusive bargaining representative for all teachers, does not distinguish between regular and substitute teachers, in so far as such benefits are concerned. Substitute and regular teachers under the collective bargaining agreement are entitled to equivalent sick leave and reinstatement benefits. 11. I find that Respondent School District granted paid sick leave and the right of reinstatement of employment to a substitute teacher who had a non-pregnancy temporary physical disability, but denied the same to Complainant whose temporary disability is due to pregnancy." By focusing solely on an interpretation of the collective bargaining agreement, the commissioner lost sight of the nature of a regular substitute teacher's relationship with her employer. The question to be determined did not involve the rights of a substitute teacher vis-à-vis a regular teacher as provided for by the collective bargaining agreement, but whether Suzanne Switala, a substitute teacher, had been denied a position with the district because of her sex. Nothing in the record indicates that she was. Any offer to a substitute to fill a position contemplates that that teacher will be able to perform the duties of the office. A substitute teacher, unlike a regular teacher, has no vested right to her position. A substitute is entitled to work as long as she is able to perform, and when she is unable to, she may be dismissed provided the decision to dismiss is not based on impermissible discriminatory motives. As conceded in the brief submitted on her behalf, the complainant does not claim that the Human Rights Law confers on a temporary employee a vested right to continued employment. Petitioners claim that the complainant was not employed for the 1976-1977 school year because the district desired to provide continuity in the teaching of the children involved. Nothing in the record raises any doubt as to the validity and plausibility of this assertion. Certainly the complainant cannot claim that she would have been entitled to continued employment had she broken her leg in May, 1976, and thus been unable to perform according to the requirements of the job. There would have been no rule of law or reason that would require petitioners to retain her services and hire a substitute for a substitute. That the cause of her disability was pregnancy rather than a broken bone is of no legal significance because nothing in the record indicates that the disability of pregnancy was singled out for special treatment by the school district.

Even temporary employees are entitled to the protection of the Human Rights Law if they are discriminated against. However, the decision not to rehire was made here as the result of there being a disability, rather than the nature of the disability. The only instance of alleged inconsistent treatment of disabilities was some vague testimony introduced that Saul Rymer, a regular substitute, had been continued in his position, with pay, when he missed the first two weeks of school after the Christmas vacation because of a nonsex related disability. We find this evidence to be of no legal significance because the situations are simply not analogous. Petitioners could rationally conclude that it was wise to retain a substitute teacher who had to miss several weeks, and thereby avoid the turmoil of completely changing teachers in the middle of the school year, without having the added burden of being forced to retain a teacher who has no special claim to the position and who informs them several months in advance that she will be unable to perform the functions of the job for a significant period of time. Furthermore, the collective bargaining agreement does not prohibit the school district, "in the exercise of its absolute discretion, from granting additional sick leave to non-tenure teachers" (art 3, § 1B). This discretion cannot be exercised in a discriminatory manner, but absent any evidence of disparate treatment, the disability of pregnancy cannot be utilized by a substitute teacher to gain the vested right to continued employment that a tenured teacher possesses. Accordingly, the order must be annulled insofar as reviewed and the complaint as against the school district dismissed. O'Conner, J. P., Lazer, Rabin and Gulotta, JJ., concur.