■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of JAN R. VAN STEE POTTER, Respondent, v CHARLES A. LAWSON et al., Petitioners.—Petition unanimously granted, with costs, order of appeal board annulled and determination of State Division of Human Rights reinstated. Memorandum: In their petition brought pursuant to section 298 of the Executive Law, petitioners seek to annul an order of the appeal board made September 20, 1978 which reversed a determination of the State Division of Human Rights made December 28, 1977 finding "no probable cause" and dismissing the complaint of Jan R. Van Stee Potter whose application for employment at the Lawson Furniture Company, Inc., had been denied. In her complaint, dated October 6, 1977, Ms. Potter alleged that petitioners in declining to hire her as a salesperson in March, 1976 had discriminated against her because of her sex and because she was married and had two preschool age

children. It appears that the chief basis for her complaint was a statement allegedly made at the time of her employment interview by petitioner, Charles Lawson, expressing his concern about the effect that her employment might have on her children. In a detailed and complete written answer to the complaint submitted on the "Investigation Inquiry" form, James Lawson, vice-president of Lawson Furniture Company, Inc., stated that the reason complainant was not hired was because she had had no prior retail sales experience. In answers to inquiries concerning the company's hiring practices, the "Investigation Inquiry" form shows that from 1972 to October of 1976 eight salespersons were hired—five of whom were women of whom three were married and had children. The employer at the request of the State division investigator submitted sworn affidavits from the four persons then constituting its sales force showing that all of them had had sales experience before being hired by the Lawson Furniture Company, Inc. Two of the affidavits were from female employees stating that they were married and had teenage children. In a letter submitted in answer to the division investigator's letter requesting comments or rebuttal from her with respect to the petitioners' answers to her complaint (contained on the "Investigation Inquiry" form a copy of which was mailed to her), complainant asserted that she had had prior sales experience and that she had not been asked about it during the interview. She described her conversation with Charles Lawson as "informal, lengthy and never to the point". There was no reference to the remark allegedly made by Charles Lawson concerning the problems of working mothers with young children. It should be noted that in her complaint, Ms. Potter had referred to a remark allegedly made by Mrs. Charles Lawson to Joel Van Stee (complainant's brother and an employee of the Lawson Furniture Company, Inc.) also pertaining to the subject of working mothers with small children. In a subsequent letter, complainant withdrew this allegation. In its determination of "no probable cause" the division concluded that: "upon review of the file, it appears that considerations other than the complainants [sic] sex and marital status were the reasons for her not being offered employment." It based its conclusion, *inter alia,* on the findings that: "during the period complained of, respondent had hired four (4) retail salespersons, three (3) female and one (1) male, the three (3) females employed by the respondent are all of the same marital status as the complainant, two (2) of which have children; and the respondent presently employs four (4) retail salespersons, two (2) single males and two (2) married females with children." In reversing, the appeal board referred to the remark attributed to Mr. Charles Lawson as evidence that the refusal to hire complainant was because of her two preschool age children and it vacated the determination of the division as arbitrary and capricious. We find that the appeal board exceeded its limited scope of review under subdivision 7 of section 297-a of the Executive Law. Here, it appears that there was an adequate investigation of the complaint and of the evidence supplied by complainant and by petitioners (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). We believe that the division's evaluation of Ms. Potter's allegations concerning the remark attributed to Charles Lawson and its determination of how much, if any, weight and significance to attach to it should not be discounted. In *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.* (48 NY2d 276), the court emphasized (p 284): "that the division's expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to

reach conclusions based on what is fairly inferable from the facts (see *Hudson Tr. Lines v State Human Rights Appeal Bd.,* 47 NY2d 971, 973; *Kaval Constr. Corp. v State Div. of Human Rights,* 39 AD2d 347, 348)." On this record it does not appear that the appeal board could properly have concluded that the division's action was "devoid of a rational basis, the touchstone of arbitrary and capricious agency action (see *Matter of Pell v Board of Educ.,* 34 NY2d, 222, 231)" *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd., supra,* p 284; see Executive Law, § 297-a, subd 7, par e). Nor was the division's finding of "no probable cause" divorced from "such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion or ultimate fact" *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180; see Executive Law, § 297-a, subd 7, par d). (Proceeding pursuant to Executive Law, § 298.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.