■ In the Matter of NEW YORK STATE DIVISION FOR YOUTH, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated March 13, 1981, which reversed an order of the State Division of Human Rights finding no probable cause to believe that petitioner had or was engaged in discriminatory practices and remanded the matter for further proceedings. Respondent Antoinia Estrada was employed as a counselor in petitioner's Camp Nueva Vista in Johnstown, New York, since 1977. In January, 1979, she was requested to resign from her post by Mr. Terry, her superior. Thereafter, respondent contends that Mr. Terry has singled her out for unequal treatment in that he has attempted to coerce her into resigning by continual harassment and by placing memoranda criticizing her professional performance in her personnel file on a weekly basis. Respondent states that she is a black, Puerto Rican woman and that she was discriminated against because of her race, sex and color. The Division of Human Rights questioned Mr. Terry about the complaint and permitted respondent to submit a reply to his answer. No confrontation conference with the respondent present was held. Thereafter, the Division of Human Rights found that no probable cause existed to believe that petitioner was engaged in unlawful discriminatory practices. Respondent

appealed the dismissal of the complaint. The State Human Rights Appeal Board concluded that significant questions of fact remained unresolved regarding whether Mr. Terry attempted to force Ms. Estrada to resign without just cause and whether her job performance was satisfactory. The board remanded the proceeding for further investigation and this proceeding ensued. Petitioner contends that the Division of Human Rights correctly determined that respondent's complaint lacked probable cause to believe that petitioner engaged in discriminatory practices and that it was error to reverse such determination. We concur with the determination of the board. Since the investigation as conducted by the division involved separate meetings without hearings, it must appear in such instance that, as a matter of law, the complaint lacks merit in order for the division to dismiss the complaint (State Div. of Human Rights v Kendall Corp., 53 AD2d 201, 203; Mayo v Hopeman Lbr. & Mfg. Co., 33 AD2d 310, 313). We conclude that here, absent a full investigation including an opportunity for confrontation, the determination of the division was based on a record which was inadequate to meet the test of substantial evidence and was, therefore, arbitrary and capricious. It is uncontested that Mr. Terry sought to have respondent resign. Also, she was well recommended during the time under review by her immediate supervisor. Finally, the flurry of critical memos did not commence until Mr. Terry was advised by a Robert Kennedy, Employee Relations Supervisor, that he did not have documentation to justify Ms. Estrada's firing. The board has the power to review actions taken by the division. Pursuant to section 297-a of the Executive Law, a matter may be remanded for further proceedings when the division's order is arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. The board acted well within the parameters of its powers. Determination confirmed, and petition dismissed, with costs to respondent Antoinia Estrada. Mahoney, P.J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.