◼ In the Matter of EDWARD JOSLYN, Petitioner, v IRMA V. SANTAELLA, as Chairperson of the New York State Human Rights Appeal Board, et al., Respondents. (Proceeding No. 1.) In the Matter of EDWARD JOSLYN, Petitioner, v IRMA V. SANTAELLA, as Chairperson of the New York State Human Rights Appeal Board, et al., Respondents. (Proceeding No. 2.) —Proceedings pursuant to Executive Law § 298 to review two determinations of the State Division of Human Rights, dated June 29, 1983 and October 21, 1983, respectively, which found no probable cause to believe that respondent New York City Health and Hospitals Corporation engaged in unlawful discriminatory practices.

Determinations confirmed and proceedings dismissed on the merits, with separate bills of costs to respondents New York City Health & Hospitals Corp. and Munoz, to be taxed by the County Clerk of Kings County.

In his first complaint, petitioner, who is employed by the respondent New York City Health and Hospitals Corp. as a nurse at Coney Island Hospital, alleged that he had been harassed by various of his coemployees based on his race and national origin. We need not decide whether such harassment alone would, if proved, constitute an unlawful discriminatory practice within the meaning of Executive Law § 296 (*but see, State Div. of Human Rights v Henderson,* 49 AD2d 1026), since the respondent New York State Division of Human Rights (hereinafter the Division) properly determined that petitioner's claim of harassment was unfounded. The Division undertook a fair investigation of the charges (9 NYCRR 465.6) and afforded petitioner an ample opportunity to be heard. Petitioner completely failed to adduce any credible proof that he had been harassed. Accordingly, the first determination of no probable cause is supported by sufficient evidence and must be confirmed.

Petitioner, in his second complaint, alleged that his employer failed to promote him to a higher position at the hospital and that this was in retaliation for his filing of the previous complaint (*see,* Executive Law § 296 [7]). Again we find that the Division, after a fair investigation, correctly determined that there was no probable cause to believe that the refusal to promote petitioner was retaliatory. On the contrary, upon the record before it, the Division had a rational basis upon which to conclude that the refusal to promote petitioner was motivated not by retaliation, but by petitioner's extremely poor job performance, as exemplified by numerous instances of misconduct and unprofessional behavior. Accordingly, the second determination under review must likewise be confirmed. Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.