■ In the Matter of ROBERT B. DOIN, Petitioner, v CONTINENTAL INSURANCE COMPANY et al., Respondents.—Levine, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated December 21, 1984, which dismissed petitioner's complaint of an unlawful discriminatory practice based on sex.

Petitioner was employed by respondent Continental Insurance Company's Glens Falls office (Continental) as manager, support services, a grade level 15 position. During the pertinent period, a Linda Lee was employed in the same office as supervisor, support services, a grade level 13 position. The two divided the supervisory office services functions. In October 1983, Continental decided that it was no longer financially feasible to maintain two separate positions to perform the supervisory staff functions at the Glens Falls office and, accordingly, merged them into a single title of office service manager. It offered the position to Lee, who accepted it. Petitioner was offered and accepted a position in the underwriting department at a lower grade level but carrying the same salary as the eliminated position he previously held. Petitioner then filed a complaint with respondent State Division of Human Rights (Division) claiming that he had been unlawfully discriminated against on the basis of sex. After investigation, the Division determined that there was no probable cause and dismissed the complaint. It found that petitioner and Lee had in fact both been considered for the new position and that Lee's appointment was based on Continental's assessment of her as the better-qualified candidate. This proceeding to review the Division's determination then ensued.

The sole issue raised by petitioner is whether the Division erred in dismissing his complaint without holding a formal hearing. At the outset, we note that no objection has been made concerning the fairness of the Division's investigation or that it lacked objectivity or that petitioner was not afforded a thorough opportunity to rebut Continental's explanation for his treatment. Indeed, at the conclusion of the final round of responses and rebuttals by the parties, petitioner conceded that any further submissions would be merely redundant. The

fairness and completeness of the Division's investigative process has repeatedly been held by us to be a critical factor as to whether a determination of no probable cause was arbitrary or capricious *(Matter of Gajjar v Union Coll.,* 107 AD2d 917; *Matter of Jochnowitz v Junior Coll.,* 96 AD2d 1131, *lv denied* 60 NY2d 559; *Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585; *Matter of Gregory v New York State Human Rights Appeal Bd.,* 64 AD2d 775, 776).

Petitioner, however, invokes various decisions in which it has been held that a formal hearing is required unless it appears *as a matter of law* that the complaint lacks merit *(see, Matter of Mendez v New York State Human Rights Appeal Bd.,* 96 AD2d 1132; *Matter of New York State Div. For Youth v State Human Rights Appeal Bd.,* 83 AD2d 972, 972-973; *Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313, *lv dismissed* 26 NY2d 962). Petitioner essentially points to two factors in the evidence he submitted which he asserts creates an issue of fact requiring a formal hearing, namely: (1) his description of a conversation with his superior in which he was allegedly told that he was not being considered for the new position; and (2) a comparison of his and Lee's credentials and prior job performance ratings which, he argues, demonstrates that he had the superior qualifications for promotion.

Contrary to petitioner's contention, the standard to determine probable cause enunciated in the cases relied upon by him does not imply that any issue of fact created by conflicting evidence before the Division requires a formal hearing, much as it would on a motion to dismiss in a jury trial *(see, State Div. of Human Rights v New York State Drug Abuse Control Commn.,* 59 AD2d 332, 337). Probable cause exists only when, after giving full credence to the complainant's version of the events, there is some evidence of unlawful discrimination *(Matter of Vadney v State Human Rights Appeal Bd.,* 93 AD2d 935, 936). There must be a *factual* basis in the evidence sufficient to warrant a cautious man to believe that discrimination had been practiced *(id.).* A stricter standard would render unnecessary or meaningless the prehearing provisions of Executive Law § 297 in which the Division is charged with conferring, investigating and determining the probable invalidity of the complaint *(State Div. of Human Rights v New York State Drug Abuse Control Commn.,* 59 AD2d 332, 336-337, *supra; State Div. of Human Rights v Buffalo Auto Glass Co.,* 42 AD2d 678). In short, although a complainant's *factual* showing must be accepted as true on a probable cause determination, the Division is permitted to

employ its expertise in evaluating the evidence and circumstances before ordering a formal hearing, and its rejection of the complaint will be sustained unless it lacks a rational basis *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284; *Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585, *supra).* Included within the Division's prerogative is the assessment of the significance of statements attributed to an employer such as alleged by petitioner in the instant case *(State Div. of Human Rights v Lawson,* 75 AD2d 1005, 1006).

We cannot say that the Division's determination lacked a rational basis here. Petitioner produced no factual evidence to support his speculation that Lee was promoted because of Continental's fear that, otherwise, she would bring a sex discrimination charge against it. Certainly, such is not inferable merely because she may have legitimately complained at some point that her previous responsibilities justified an upgrade of her job level. Although, arguably, petitioner's paper credentials were marginally superior to Lee's, the evidence is uncontradicted that during the three-year period immediately preceding the elimination of petitioner's position, Lee had taken increasingly and comparatively greater responsibilities for overseeing the technical aspects of the office services function at Continental's Glens Falls branch, particularly computer services, while petitioner's duties were relegated more to supervising logistical services such as the running of the mail room, maintenance and cafeteria/food services. This division of responsibility had resulted in a substantial shifting from petitioner to Lee of the relative numbers of employees over which each had supervision. Under such circumstances, the Division was not acting arbitrarily or capriciously in concluding that Lee's promotion was a business judgment on Continental's part. At best, petitioner's submissions suggest that he may have been treated unfairly as a result of that business judgment, but not that the decision was actuated by discrimination *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 285, n 4, *supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.