■ In the Matter of MARY GILES, Respondent, v STATE DIVISION OF HUMAN RIGHTS, Respondent, and UNIVERSAL INSTRUMENTS CORPORATION, Appellant. (And Three Other Related Proceedings.)—Harvey, J. Appeals from four judgments of the Supreme Court (Harlem, J.), entered January 22, 1990 in Broome County, which granted petitioners' applications, in four proceedings pursuant to Executive Law § 298, to annul four determinations of respondent State Division of Human Rights finding no probable cause to believe that respondent Universal Instruments Corporation had engaged in an unlawful discriminatory practice relating to employment.

In 1984 and 1985, respondent Universal Instruments Corporation (hereinafter respondent) experienced a drastic reduction in customer orders which resulted in the layoff of more than one third of its employees (approximately 1,000) over a two-year period. Petitioners are four female employees who were laid off from their jobs with respondent in August 1985.

Subsequently, in April 1986, each petitioner filed a discrimination complaint with respondent State Division of Human Rights (hereinafter the Division) alleging sex and/or age discrimination by respondent in choosing whom to lay off. Following the filing of the complaints, the Division interviewed each complainant, compiled general data and conducted several investigations pertaining to the complaints over the next three years. Upon the completion of the investigation, the Division issued a "determination and order after investigation" for each complaint finding no probable cause to believe that respondent had engaged in discriminatory practices. Thereafter, petitioners commenced these proceedings seeking judicial review of the Division's determinations. Supreme Court ultimately annulled the determinations and remitted the matters to the Division for further proceedings, including hearings. These appeals by respondent followed.

Initially, we note that Supreme Court correctly rejected respondent's contention that the substantial evidence test is the appropriate standard of review to be employed in these proceedings. Since a public hearing was not held pursuant to Executive Law § 297 (4) (a), the appropriate standard for Supreme Court to apply to the Division's no probable cause determinations is whether the determinations were arbitrary and capricious or lacking a rational basis (see, Executive Law § 298; *Matter of Doin v Continental Ins. Co.,* 114 AD2d 724; *see also, Bentkowsky v Tokio Re Corp.,* 139 AD2d 436). Applying this standard to the matter at hand, it is our view that Supreme Court erred in annulling the no probable cause determinations. Supreme Court incorrectly stated that any issues of fact created by conflicting evidence must always be resolved by a formal hearing (see, *Matter of Doin v Continental Ins. Co., supra,* at 725).

After giving full credence to petitioners' versions of the events, the Division rationally concluded that there was insufficient factual basis in the evidence to warrant an inference of unlawful discrimination (see, supra, at 725). The record sufficiently supports the Division's conclusion in each case that respondent laid off petitioners because of the economic necessity of significantly cutting back its work force to survive and the need to fill remaining jobs with those workers best qualified to adapt to a more diversified and challenging job description. These conclusions were supported by the fact that employees of both sexes older and younger than the instant petitioners, were laid off at about the same time as petitioners and, in some instances, female employees older than petition-

ers were retained. Petitioners were afforded ample opportunity to rebut respondent's explanation that the layoffs were motivated by economics and the qualifications or skills of its employees, not discrimination. We find no evidence in the record that convinces us that the Division's investigative process was unfair or incomplete in any way *(see, supra)*. Accordingly, the Division's no probable cause determinations were improperly annulled.

The remaining arguments advanced by the parties have been examined and have been found to be without merit.

Judgments reversed, on the law, without costs, determinations confirmed and petitions dismissed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.