■ In the Matter of JAMES A. HONE, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [635 NYS2d 802] —Crew III, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered January 21, 1994 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding no probable cause to believe that respondent The Daily Star had engaged in an unlawful discriminatory practice relating to employment.

At all times relevant to this appeal, petitioner was employed as a sportswriter by respondent The Daily Star (hereinafter respondent). In 1989, one of petitioner's co-workers complained that petitioner had been continually calling her for dates after she had demanded that he refrain from such conduct. Respondent advised petitioner that such behavior was inappropriate and should cease. In April 1990, petitioner was arrested and charged with harassment of another woman.* As a consequence, respondent referred petitioner to the Employee Assistance Program for counseling and advised him that if he engaged in similar conduct in the future, his employment would be terminated. In November 1990, respondent was advised by yet another woman that petitioner had been making

* That charge ultimately was dismissed as the result of an adjournment in contemplation of dismissal (see generally, CPL 170.55).

harassing telephone calls to her and that she was filing a complaint with the police, which she did. Petitioner was thereafter discharged from his employment based upon this ongoing impermissible conduct.

In January 1991, petitioner filed a discrimination complaint with respondent State Division of Human Rights (hereinafter the Division) alleging that he was improperly discharged based solely upon his April 1990 arrest. Following the filing of the complaint, the Division, *inter alia*, requested responses from respondent, provided copies of such responses to petitioner and interviewed the three women who had complained of being harassed by petitioner. Upon completion of its investigation, the Division issued a determination of no probable cause to believe that respondent had engaged in a discriminatory practice. Petitioner thereafter commenced this proceeding seeking annulment of the Division's determination. Supreme Court dismissed the petition, and this appeal by petitioner followed.

Initially, we are satisfied from a review of the record that the Division's determination was neither arbitrary or capricious nor without a rational basis. Furthermore, contrary to petitioner's assertion, we find no record evidence that convinces us that the Division's investigative process was unfair or incomplete. Finally, we reject petitioner's contention that the Division erred in dismissing his complaint without holding a formal hearing. There is no requirement that a hearing be held simply because there is some issue of fact created by conflicting evidence before the Division (*see, Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725). Rather, "[t]here must be a *factual* basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination ha[s] been practiced" (*supra,* at 725 [emphasis in original]). Such is not the case here.

Cardona, P. J., Mikoll, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.