■ In the Matter of EVELYN L. SINGER, Appellant, v STAFF LEASING OF CENTRAL N.Y., INC., et al., Respondents, et al.,

Respondent. [743 NYS2d 923] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered December 4, 2000, which denied the petition seeking to annul a determination of respondent New York State Division of Human Rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of petitioner in this proceeding pursuant to Executive Law § 298, Supreme Court properly denied the petition, thereby confirming the determination of respondent New York State Division of Human Rights (Division) dismissing her discrimination complaint. The Division's determination of no probable cause has a rational basis and is not arbitrary or capricious (*see Matter of CBS, Inc. v State Human Rights Appeal Bd.*, 54 NY2d 921, 922; *Matter of Bazile v Acinapura*, 225 AD2d 764, 765, *lv denied* 88 NY2d 807; *Matter of Bal v New York State Div. of Human Rights*, 202 AD2d 236, 236-237, *lv denied* 84 NY2d 805; *State Div. of Human Rights v Stanmor Liq. Co.*, 107 AD2d 1056, 1057). There is an "insufficient factual basis in the evidence to warrant an inference" of retaliatory discharge (*Matter of Giles v State Div. of Human Rights*, 166 AD2d 779, 780; *see Matter of Harmon v General Elec. Co.*, 72 AD2d 903, 904, *appeal dismissed* 49 NY2d 916; *see also Matter of Hone v New York State Div. of Human Rights*, 223 AD2d 761, 762). Contrary to the further contention of petitioner, she was afforded a full and fair opportunity to present her case (*see Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108, 112; *Matter of Joslyn v Santaella*, 112 AD2d 305, 306), and the Division's investigation of the complaint was not abbreviated or one-sided (*see Bazile*, 225 AD2d at 765). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Scudder and Burns, JJ.