In the Matter of LEONARD SONNE, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [784 NYS2d 667]—

Rose, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered May 27, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding no probable cause to believe that respondent Philip Drew had engaged in an unlawful discriminatory practice relating to employment.

Petitioner, a physician, filed a complaint with respondent State Division of Human Rights (hereinafter the Division) alleging that respondent Philip Drew, a physician doing business as Bethlehem Family Practice, discriminated against him by terminating his employment based solely upon his psychological disability. The Division's investigation of the complaint revealed that petitioner had a history of performance and behavioral problems and that he failed to timely deliver to Drew a signed behavioral contract prepared by the Committee on Physician's

Health of the Medical Society of the State of New York (hereinafter CPH). This contract was necessary because, following a psychiatric evaluation, petitioner had been cleared to practice medicine and resume working with Drew only upon his prompt acceptance of the contract's provisions that he continue treatment with a mental health provider and be monitored by CPH for a period of two years.

Based upon its investigation, the Division found no probable cause to believe that petitioner had been the subject of discrimination. Petitioner then commenced this proceeding to challenge that determination. Supreme Court dismissed the petition, finding a rational basis for the Division's findings and ruling that the determination was not arbitrary or capricious. Petitioner appeals.

Supreme Court properly found that the record here contains ample support for the Division's determination of no probable cause (*see Matter of Hone v New York State Div. of Human Rights*, 223 AD2d 761, 762 [1996]). Petitioner made inconsistent statements regarding when he signed and delivered the CPH contract to Drew and eventually conceded that the contract was not delivered until after the deadline set by Drew. The record also contains complaints by patients and coworkers regarding petitioner's objectionable behavior during the period preceding his termination. Thus, the Division's determination has a nondiscriminatory basis (*see Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108, 111-112 [1998]; *Matter of Bazile v Acinapura*, 225 AD2d 764, 765 [1996], *lv denied* 88 NY2d 807 [1996]).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.