■ In the Matter of SUGHE JO, Appellant, v MAY DEPARTMENT STORES COMPANY, Doing Business as KAUFMANN'S, Respondent. (And Two Other Related Proceedings.) [799 NYS2d 839]—

Kane, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered June 24, 2004 in Chemung County, which dismissed petitioners' applications, in three proceedings pursuant to Executive Law § 298, to review determinations of respondent State Division of Human Rights finding no probable cause to believe that respondent May Department Stores Company and respondent Arnot Ogden Medical Center had engaged in unlawful discriminatory practices.

Petitioner Mee Jo, a woman from Korea, filed a complaint against respondent May Department Stores Company (hereinafter Kaufmann's) with respondent State Division of Human Rights alleging discrimination based on her race, color and national origin. Petitioner Sughe Jo, her husband who is also from Korea, filed a similar complaint arising out of the same incident. These complaints concerned petitioners' apprehension by security guards from Kaufmann's for suspected shoplifting. Sughe Jo also filed a complaint related to examination and treatment by respondent Arnot Ogden Medical Center for injuries allegedly sustained during his apprehension.

After conducting investigations and receiving information from petitioners, Kaufmann's and Arnot Ogden, the Division found no probable cause for believing that Kaufmann's or Arnot Ogden had engaged in unlawful discriminatory practices relating to public accommodations. Petitioners brought three separate petitions challenging the Division's determination on each

complaint. Supreme Court dismissed all three petitions, prompting petitioners' appeal.

Supreme Court correctly dismissed the petition against Arnot Ogden based on the lack of personal jurisdiction. It appears that Sughe Jo mailed the petition and related documents to Arnot Ogden; those documents were never personally served. As the initiatory papers were never properly served on Arnot Ogden (*see* CPLR 311 [a] [1]; 403 [c]; *Matter of DiChiara v Chesworth*, 139 AD2d 647 [1988]), the court lacked personal jurisdiction over that respondent and dismissal was required.

Supreme Court also properly dismissed the petitions against Kaufmann's. Courts must uphold the Division's determinations unless they are arbitrary, capricious or lack a rational basis (*see Matter of Giles v State Div. of Human Rights*, 166 AD2d 779, 780 [1990]). The Division rationally determined that there was no probable cause to believe that the security guards for Kaufmann's had targeted and apprehended petitioners because they are Korean or Asian. The investigation by the Division revealed that Kaufmann's has a strict antidiscrimination policy, the guards involved received written materials and training courses to prevent discrimination, petitioners were the only Asians apprehended for shoplifting from this store during a one-year period and the races of apprehended shoplifters were proportionally similar to the racial profile of the county. Additionally, the security guards had reason to focus on petitioners based on a flier from police indicating that Sughe Jo was a shoplifter, and the guards apprehended petitioners only after directly observing them conceal merchandise and leave the store without paying for it. Under the circumstances, the Division had a more than ample basis for issuing its determination that the actions by Kaufmann's were not discriminatory (*see Matter of Sonne v New York State Div. of Human Rights*, 12 AD3d 820 [2004]).

Petitioners' remaining arguments either do not apply to an Executive Law § 298 proceeding or are without merit.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.