*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                518371
_____

In the Matter of BAILEY
    QUINN CURTIS,
                        Appellant,

        v

NEW YORK STATE DIVISION OF
    HUMAN RIGHTS,
                        Respondent,            MEMORANDUM AND ORDER
        and

NISKAYUNA CENTRAL SCHOOL
    DISTRICT,
                        Respondent.
_____


Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

————————

        Lorraine H. Lewandrowski, Herkimer, for appellant.

        Ferrara, Fiorenza, Larrison, Barrett & Reitz, PC, East
Syracuse (Miles G. Lawlor of counsel), for Niskayuna Central
School District, respondent.

————————

McCarthy, J.

        Appeal from a judgment of the Supreme Court (Buchanan, J.),
entered April 29, 2013 in Schenectady County, which dismissed
petitioner's application, in a proceeding pursuant to Executive
Law § 298, to review a determination of respondent State Division
of Human Rights finding no probable cause to believe that
respondent Niskayuna Central School District had engaged in
unlawful discriminatory practices relating to employment.

Petitioner is employed by respondent Niskayuna Central School District as a teaching assistant. In the mid-2000s, petitioner obtained an order of protection against her ex-husband and legally changed her name and Social Security number to prevent further contact from him. Petitioner contends that the School District began subjecting her to disparate treatment after learning of her status as a domestic violence victim, a protected class of persons under the state Human Rights Law since 2009 (see Executive Law § 296 [1] [a], as added by L 2009, ch 80, § 1).

In August 2011, petitioner took a medical leave of absence that continued at least through that school year. Petitioner filed a complaint and an amended complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging that the School District engaged in unlawful discriminatory practices based on her domestic violence victim status and her disability from posttraumatic stress disorder (hereinafter PTSD), including threatening to terminate her employment and giving her a negative job reference. Following an investigation, SDHR issued a determination of no probable cause to believe that the School District engaged in unlawful discriminatory practices. Petitioner commenced this proceeding to annul SDHR's determination. Supreme Court dismissed the petition, prompting petitioner's appeal.

We affirm. SDHR may dismiss a complaint without conducting a formal hearing if it determines that no probable cause exists to conclude that an employer engaged in discriminatory practices (see Executive Law § 297 [2] [a]; Matter of Giles v State Div. of Human Rights, 166 AD2d 779, 780 [1990]). Courts give deference to SDHR due to its experience and expertise in evaluating allegations of discrimination, and will only disturb a determination of no probable cause if it is arbitrary, capricious or lacks a rational basis (see Matter of Knight v New York State Div. of Human Rights, 118 AD3d 791, 791 [2014]; Matter of Sughe Jo v May Dept. Stores Co., 21 AD3d 614, 615 [2005], appeal dismissed 5 NY3d 880 [2005]; Matter of Giles v State Div. of Human Rights, 166 AD2d at 780).

SDHR conducted an investigation that included reviewing 31 documents submitted by petitioner and 19 documents submitted by

the School District, holding a lengthy two-party conference with petitioner and numerous School District administrators, and interviewing 10 people.  Those interviews included all of the individuals identified by petitioner as witnesses, and petitioner was given the opportunity to respond to all of the School District's submissions.  Thus, we disagree with petitioner's assertion that SDHR's investigation was not thorough or sufficient (see Wooten v New York City Dept. of Gen. Servs., 207 AD2d 754, 754 [1994], lv denied 84 NY2d 813 [1995]; Matter of Gajjar v Union Coll., 107 AD2d 917, 917-918 [1985]).

The record does not contain any medical documentation substantiating petitioner's diagnosis with PTSD until after she took her leave of absence.  While the record does indicate that she may have previously mentioned that diagnosis to some of the School District's administrators, her requests for medical leave did not indicate the cause of her requests or link them to her job assignment.  Petitioner did not clearly seek a reasonable accommodation for her PTSD disability when she took her leave of absence and, when she made such a request several months later, the School District offered a different job assignment to accommodate her.  Petitioner did not accept that accommodation; she stated that she would need to obtain legal advice about this accommodation but then called in sick and never returned to work, without explanation.

As for the negative job reference, SDHR reasonably found that this was an accurate reflection of the School District's view of petitioner's job performance.  Although petitioner argues that her poor reviews were related to her status as a domestic violence victim, the record does not factually support that assertion but does include information substantiating the School District's position.  While petitioner contends that the School District created negative reviews based on fabricated problems or treated her differently from other teaching assistants, the record does not show that any such treatment was based on her status as a domestic violence victim.  Hence, SDHR's determination of no probable cause was supported by a rational basis and was not arbitrary or capricious (see Matter of Sonne v New York State Div. of Human Rights, 12 AD3d 820, 821 [2004]; Matter of Hone v New York State Div. of Human Rights, 223 AD2d

761, 762 [1996]).

Petitioner's argument concerning her request for a hearing pursuant to Education Law § 3020-a is unpreserved because she did not raise it before SDHR or Supreme Court (see Executive Law § 298), it cannot properly be raised in a proceeding pursuant to Executive Law § 298 and, in any event, the argument lacks merit because the School District never filed formal disciplinary charges against her (see Education Law § 3020-a [2] [a], [c]; Hazen v Board of Educ. of City School Dist. of City of N.Y., 75 AD3d 471, 471-472 [2010], affd 17 NY3d 728 [2011]).

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court