■ In the Matter of MEGHAN M. MAMBRETTI, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, Appellant. [12 NYS3d 692]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 14, 2014 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that respondent Williamsville Central School District (District) discriminated against petitioner. Supreme Court granted the petition and remitted the matter to SDHR for a hearing. We affirm.

Petitioner alleged that the District discriminated against her on the basis of "sex/pregnancy" when it declined to renew her employment contract shortly after learning that she was pregnant. The record shows that petitioner was employed as a part-time counselor for the District for the 2011-2012 school year and that her appointment would end on June 30, 2012. Before her appointment expired, the District invited her to apply for a position for the following school year. Petitioner applied for continued employment with the District and also requested a "pregnancy/disability leave" from the end of August 2012 through January 2013. According to petitioner, she thereafter met with District officials, who notified her that she would not be hired because of her anticipated absence. Petitioner filed a complaint with SDHR, which dismissed the complaint without a hearing.

"Where, as here, 'a determination of no probable cause is rendered [by SDHR] without holding a public hearing pursuant to Executive Law § 297 (4) (a), the appropriate standard of

review is whether the determination was arbitrary and capricious or lacking a rational basis' " (*Matter of Goston v American Airlines*, 295 AD2d 932, 932 [2002]). "Probable cause exists only when, after giving full credence to the complainant's version of the events, there is some evidence of unlawful discrimination" (*Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725 [1985]). "There must be a *factual* basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced" (*id.*). The complainant's factual showing must be accepted as true on a probable cause determination (*see id.* at 725-726). While our standard of review is highly deferential to the agency's determination (*see Matter of Bowman v City of Niagara Falls*, 107 AD3d 1417, 1418 [2013]), we agree with the court that SDHR's determination "was not rationally based upon the evidence presented" (*Matter of Schmidt v Putnam County Off. of Sheriff*, 49 AD3d 761, 761 [2008]; *see State Div. of Human Rights v Hatch Assoc. Consultants*, 110 AD2d 1049, 1049 [1985]).

Executive Law § 296 prohibits an employer from refusing to hire or employ an individual based on, inter alia, the individual's sex. In opposition to the petition, the District argued that it decided not to rehire petitioner because of her unavailability and its concern for continuity of counseling services for its students. Petitioner was unavailable to work, however, because of her pregnancy, and we conclude that discrimination could be inferred from the record before us (*see Hatch Assoc. Consultants*, 110 AD2d at 1050). The District relies on *Roslyn Union Free School Dist. v State Div. of Human Rights* (72 AD2d 808 [1979]) in support of its argument that it did not discriminate against petitioner. To the extent that *Roslyn* holds that a decision not to hire an individual because the individual is pregnant is not a form of discrimination (*see id.* at 809-810), we decline to follow it. Present—Centra, J.P., Carni, Lindley and DeJoseph, JJ.