# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

833

CA 14-02196

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MEGHAN M. MAMBRETTI,
PETITIONER-RESPONDENT,

V                                                       MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN
RIGHTS, RESPONDENT,
AND WILLIAMSVILLE CENTRAL SCHOOL
DISTRICT, RESPONDENT-APPELLANT.

---

HARRIS BEACH PLLC, PITTSFORD (KYLE W. STURGESS OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Joseph R. Glownia, J.), entered July 14, 2014 in a
proceeding pursuant to CPLR article 78. The judgment, among other
things, granted the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of respondent New York State
Division of Human Rights (SDHR) that there was no probable cause to
believe that respondent Williamsville Central School District
(District) discriminated against petitioner. Supreme Court granted
the petition and remitted the matter to SDHR for a hearing. We
affirm.

Petitioner alleged that the District discriminated against her on
the basis of "sex/pregnancy" when it declined to renew her employment
contract shortly after learning that she was pregnant. The record
shows that petitioner was employed as a part-time counselor for the
District for the 2011-2012 school year and that her appointment would
end on June 30, 2012. Before her appointment expired, the District
invited her to apply for a position for the following school year.
Petitioner applied for continued employment with the District and also
requested a "pregnancy/disability leave" from the end of August 2012
through January, 2013. According to petitioner, she thereafter met
with District officials, who notified her that she would not be hired
because of her anticipated absence. Petitioner filed a complaint with

SDHR, which dismissed the complaint without a hearing.

"Where, as here, 'a determination of no probable cause is rendered [by SDHR] without holding a public hearing pursuant to Executive Law § 297 (4) (a), the appropriate standard of review is whether the determination was arbitrary and capricious or lacking a rational basis' " (*Matter of Goston v American Airlines*, 295 AD2d 932, 932).  "Probable cause exists only when, after giving full credence to the complainant's version of the events, there is some evidence of unlawful discrimination" (*Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725).  "There must be a *factual* basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced" (*id.*).  The complainant's factual showing must be accepted as true on a probable cause determination (*see id.* at 725-726).  While our standard of review is highly deferential to the agency's determination (*see Matter of Bowman v City of Niagara Falls*, 107 AD3d 1417, 1418), we agree with the court that SDHR's determination "was not rationally based upon the evidence presented" (*Matter of Schmidt v Putnam County Off. of Sheriff*, 49 AD3d 761, 761; *see State Div. of Human Rights v Hatch Assoc. Consultants*, 110 AD2d 1049, 1049).

Executive Law § 296 prohibits an employer from refusing to hire or employ an individual based on, inter alia, the individual's sex. In opposition to the petition, the District argued that it decided not to rehire petitioner because of her unavailability and its concern for continuity of counseling services for its students.  Petitioner was unavailable to work, however, because of her pregnancy, and we conclude that discrimination could be inferred from the record before us (*see Hatch Assoc. Consultants*, 110 AD2d at 1050).  The District relies on *Roslyn Union Free Sch. Dist. v State Div. of Human Rights* (72 AD2d 808) in support of its argument that it did not discriminate against petitioner.  To the extent that *Roslyn* holds that a decision not to hire an individual because the individual is pregnant is not a form of discrimination (*see id.* at 809-810), we decline to follow it.

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court