# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**132**
**CA 15-00508**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DWAYNE HALL,
PETITIONER-APPELLANT,

V                                                          MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT,
AND CARDINAL HEALTH, RESPONDENT-RESPONDENT.

---

HANCOCK ESTABROOK, LLP, SYRACUSE (ROBERT C. WHITAKER, JR., OF
COUNSEL), FOR PETITIONER-APPELLANT.

JACKSON LEWIS P.C., NEW YORK CITY (CLEMENTE J. PARENTE OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (Anthony J. Paris, J.), entered May 22, 2014 in a
proceeding pursuant to CPLR article 78. The judgment dismissed the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of respondent New York State
Division of Human Rights (SDHR) that there was no probable cause to
believe that respondent Cardinal Health, a company in the health care
industry, discriminated against petitioner. Supreme Court dismissed
the petition. We affirm.

In August 2012, petitioner completed and submitted an online job
application for a position with Cardinal Health. Cardinal Health made
petitioner a verbal offer of employment, which he immediately
accepted. One week later, Cardinal Health rescinded the employment
offer. Petitioner filed a complaint with SDHR alleging that Cardinal
Health had unlawfully discriminated against him by revoking its job
offer based upon his prior criminal conviction. SDHR dismissed the
complaint without a hearing.

"Where, as here, a determination of no probable cause is rendered
[by SDHR] without holding a hearing pursuant to Executive Law § 297
(4) (a), the appropriate standard of review is whether the
determination was arbitrary and capricious or lacking a rational
basis" (*Matter of Mambretti v New York State Div. of Human Rights*, 129

AD3d 1696, 1696-1697, *lv denied* 26 NY3d 909 [internal quotation marks omitted]).  We note initially that, contrary to petitioner's contention, the conflicting evidence before SDHR did not create a material issue of fact that warranted a formal hearing (*see Matter of Hone v New York State Div. of Human Rights*, 223 AD2d 761, 762; *Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725).

We reject defendant's contention that SDHR deemed his certificate of relief irrelevant.  It is well established that a "certificate [of relief] does not establish a prima facie entitlement to . . . employment, but only establishes, if not rebutted, that the applicant has been rehabilitated—just one of the eight factors [to be considered under Correction Law § 753]" (*Matter of Arocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 365).  Here, Cardinal Health was "not obligated to rebut the presumption of rehabilitation" and was justified in evaluating said presumption in the context of the other factors (*id*. at 366).  We conclude that SDHR was entitled to take those matters into consideration when evaluating how much weight to give to the certificate of relief in making its determination of no probable cause.

Finally, " '[u]pon our review of the record, we conclude that [SDHR] properly investigated petitioner's complaint . . . and provided petitioner with a full and fair opportunity to present evidence on his behalf and to rebut the evidence presented by [Cardinal Health],' and we further conclude that [SDHR's] determination is supported by a rational basis and is not arbitrary or capricious" (*Matter of Witkowich v New York State Div. of Human Rights*, 56 AD3d 1170, 1170, *lv denied* 12 NY3d 702).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court