# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**59**
**CA 16-01265**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF DARCELL MCDONALD,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT,
AND NEW YORK STATE OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE, RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Catherine R. Nugent Panepinto, J.), entered September 21,
2015 in a proceeding pursuant to CPLR article 78. The judgment
granted the petition to annul a determination of respondent New York
State Division of Human Rights.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the petition is
dismissed, and the determination of respondent New York State Division
of Human Rights is reinstated.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of respondent New York State
Division of Human Rights (SDHR) that there was no probable cause to
believe that petitioner's employer, the New York State Office of
Temporary and Disability Assistance (respondent), discriminated and
retaliated against her. We agree with respondent that Supreme Court
erred in granting the petition.

"Where, as here, SDHR 'renders a determination of no probable
cause without holding a hearing, the appropriate standard of review is
whether the probable cause determination was arbitrary and capricious
or lacked a rational basis' " (*Matter of Napierala v New York State
Div. of Human Rights*, 140 AD3d 1746, 1747). We agree with respondent
that the court erred in disturbing SDHR's determination based upon,
inter alia, its failure to conduct a hearing. "Courts give deference
to SDHR due to its experience and expertise in evaluating allegations
of discrimination" (*Matter of Curtis v New York State Div. of Human*

*Rights*, 124 AD3d 1117, 1118), and "such deference extends to [SDHR's] decision whether to conduct a hearing" (*Matter of Smith v New York State Div. of Human Rights*, 142 AD3d 1362, 1363). SDHR has the discretion to determine the method to be used in investigating a claim, and "a hearing is not required in all cases" (*Smith*, 142 AD3d at 1363). Inasmuch as "the parties made extensive submissions to [SDHR], 'petitioner was given an opportunity to present [her] case, and the record shows that the submissions were in fact considered, the determination cannot be arbitrary and capricious merely because no hearing was held' " (*id.*).

We further agree with respondent that the court erred in disturbing SDHR's determination of no probable cause on the ground that the submissions raised issues of fact that warranted a hearing. "Probable cause exists only when, after giving full credence to [petitioner's] version of the events, there is some evidence of unlawful discrimination . . . There must be a *factual* basis in the evidence sufficient to warrant a cautious [person] to believe that discrimination had been practiced" (*Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725; *see Smith*, 142 AD3d at 1363). While petitioner's "factual showing must be accepted as true on a probable cause determination" (*Matter of Mambretti v New York State Div. of Human Rights*, 129 AD3d 1696, 1697, *lv denied* 26 NY3d 909), "full credence need not be given to petitioner's allegation in [her] complaint that [she] was discriminated against on the basis of [her] disability, for this is the ultimate conclusion, which must be determined solely by [SDHR] based upon all of the facts and circumstances" (*Matter of Vadney v State Human Rights Appeal Bd.*, 93 AD2d 935, 936; *see Smith*, 142 AD3d at 1363-1364).

Here, we conclude that "the conflicting evidence before SDHR did not create a material issue of fact that warranted a formal hearing" (*Matter of Hall v New York State Div. of Human Rights*, 137 AD3d 1583, 1584). Rather, we agree with respondent that a rational basis supports SDHR's determination that, based upon all of the facts and circumstances, there is no factual basis in the evidence sufficient to warrant a cautious person to believe that respondent unlawfully discriminated against petitioner based on her disability (*see Smith*, 142 AD3d at 1364). In addition, SDHR rationally determined that the evidence did not support petitioner's allegation that respondent subjected her to a hostile work environment (*see Matter of Baird v New York State Div. of Human Rights*, 100 AD3d 880, 881-882, *lv denied* 22 NY3d 851; *Ferrer v New York State Div. of Human Rights*, 82 AD3d 431, 431; *see generally Matter of Bowler v New York State Div. of Human Rights*, 77 AD3d 1380, 1381, *lv denied* 16 NY3d 709). Finally, we conclude that SDHR's determination that there was no probable cause to believe that respondent retaliated against petitioner is not arbitrary or capricious, and it has a rational basis in the record (*see Napierala*, 140 AD3d at 1747-1748; *see generally Burlington N. & Santa Fe Ry. Co. v White*, 548 US 53, 67-68).

Entered: February 10, 2017                     Frances E. Cafarell
                                               Clerk of the Court